[Cite as *State v. Ware*, 2013-Ohio-5833.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-P-0011** |
| SHAWN A. WARE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0563.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Terry G.P. Kane*, Kane & Kane, 111 East Main Street, Suite B, P.O. Box 167, Ravenna, OH 44266 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This accelerated-calendar appeal is from a final judgment of the Portage County Court of Common Pleas, granting judicial release to appellee, Shawn A. Ware. Appellant, the State of Ohio, seeks reversal contending that appellee is not eligible for judicial release because his entire four-year prison term is mandatory.

{¶2} In September 2009, the Portage County Grand Jury indicted appellee on six counts of trafficking in cocaine and one count of possession of cocaine. The fifth

count alleged that, while in the vicinity of a juvenile, appellee sold, or offered to sell, cocaine in an amount less than one gram. The sixth count alleged that appellant prepared for distribution, or distributed, crack cocaine in an amount between ten grams and twenty-five grams. These two crimes are felonies of the fourth and second degree, respectively.

{¶3} Ultimately, appellee pled guilty to counts five and six, and the state dismissed the remaining counts. The trial court accepted the guilty plea and referred the case to the county adult probation department for preparation of a presentencing report.

{¶4} At the outset of the April 2010 sentencing hearing, the trial court stated that, because the second remaining trafficking charge was a second-degree felony, a mandatory prison term was required. However, when the court orally pronounced sentence, it did not refer to any mandatory term. Rather, the court said that appellee would receive a stated term of eighteen months on the fourth-degree trafficking count, a stated term of four years on the second-degree trafficking count, and the two terms would be served concurrently. As to judicial release, the trial court expressly stated at the end of the hearing that such relief would be considered if appellee could show that he was trying to change his life.

{¶5} In its April 23, 2010 sentencing entry, the trial court again did not deem any of the four-year prison term for the second-degree trafficking offense as mandatory. Instead, the court imposed two concurrent stated, but not mandatory, prison terms of eighteen months and four years on the respective counts. The state did not appeal.

{¶6} Over the next seventeen months, appellee twice moved for judicial

2

release. The first motion was filed in November 2010, approximately six months following the imposition of sentence. After an oral hearing on the matter, the trial court denied the first motion without addressing its substance. Three months later, in September 2011, appellee submitted his second motion for judicial release.

{¶7} While the second motion remained pending, appellee filed a pro se letter with the trial court, stating that he was confused as to the nature of his sentence on the second-degree trafficking count. Specifically, he noted that, even though the court said during the sentencing hearing that a mandatory term was required, the sentencing judgment did not impose mandatory time. In light of this, appellee asserted that he was uncertain as to when it would be permissible for him to move for judicial release.

{¶8} At approximately the same time appellee sent his pro se letter, his counsel submitted a motion for "leave" raising the same issue as the letter: i.e., the proper interpretation of the final sentencing judgment. The trial court did not issue a ruling on this motion, but instead rendered a nunc pro tunc entry in December 2011. The wording of the nunc pro tunc entry was virtually identical to that of the April 2010 sentencing judgment, with one significant exception. Regarding the second-degree trafficking count, the nunc pro tunc entry sentenced appellee to a stated mandatory term of four years, which would make him ineligible for judicial release.

{¶9} Through his trial counsel, appellee immediately requested the trial court to reconsider the nunc pro tunc entry, arguing that the new mandatory term on the second-degree trafficking count was inconsistent with the court's oral pronouncement during the sentencing hearing and her original sentencing entry. Citing the court's statement as to the potential for judicial release, appellee contended that the court intended to impose a

3

stated four-year term, with only the first two years being mandatory. He further argued that if the trial court intended for all four years to be mandatory, he would never be eligible for judicial release under the governing statutory law.

{¶10} The trial court did not render a written ruling on the motion to reconsider. On April 13, 2012, the court conducted an oral hearing on the second motion for judicial release. According to the court's subsequent judgment, appellee withdrew the second motion at that time.

{¶11} In October 2012, appellee filed his third motion for judicial release, arguing that he was now eligible for the requested relief. In support, he asserted that, since the original sentencing judgment did not deem any of his stated term as mandatory in regard to the second-degree trafficking count, the judgment should be interpreted to have only imposed a two-year mandatory term. In making this argument, appellee did not refer to the trial court's nunc pro tunc entry.

{¶12} The state did not submit a written response to appellee's third motion for judicial release. On February 8, 2013, an oral hearing was held on the pending motion. Appellant did not assert any challenge to appellee's eligibility for judicial release. Instead, the state only argued that the motion should be denied because the trial court had already shown leniency to appellee by imposing a four-year term opposed to a possible eight-year term. The trial court rejected this argument, stating on the record that it would be in the best interest of society to release appellee early so that he could have an opportunity to change his life for the better.

{¶13} On February 11, 2013, the trial court rendered its final judgment granting appellee early judicial release. Two days later, and one day before the official date of

4

appellee's release from the county jail, the trial court conducted a second hearing on the third "release" motion. At the outset of this proceeding, the trial court informed appellee that this court had recently issued an opinion on the issue of judicial release, and that the state was now contesting whether he was eligible for the requested relief. The trial court further indicated that, even though it agreed with the state concerning the proper interpretation of our recent opinion, it was still going to allow appellee's release because its decision on appellee's third motion was rendered before it had knowledge of the new appellate precedent. In light of this, the court also overruled the state's motion to stay appellee's release while it appealed.

{¶14} In contesting the "release" judgment, the state asserts two assignments of error for review:

{¶15} "[1.] The Portage County Court of Common Pleas erred in finding an inmate imprisoned on a mandatory four year sentence was eligible for judicial release and erred in granting the same inmate judicial release.

{¶16} "[2.] Assuming arguendo Ware is an eligible offender, the Portage County Court of Common Pleas erred in granting Ware judicial release without making the findings required under R.C. 2929.20(J)(1)(a), (b) and (2)."

{¶17} Under its initial assignment, the state first challenges the legal propriety of the sentence that the trial court imposed for the second-degree trafficking offense in its original sentencing judgment of April 2010. The state maintains that, regardless of the total length of the sentence given for the second-degree offense, the court was required to make the entire prison term mandatory; i.e., according to the state, the trial court did not have the discretion to make only a portion of the total term mandatory. Based on

5

this, the state not only concludes that the imposed sentence was technically flawed, but that the third motion for judicial release should have been denied because, since appellee's entire term for the second-degree offense had to be mandatory, he was not eligible for early release from prison.

{¶18} Three questions must be answered to properly dispose of the state's first assignment: (1) did the trial court originally intend to impose a "hybrid" sentence on the second-degree felony, under which only two years of the stated four-year term would be mandatory; (2) did the trial court ever issue a final judgment that employed the necessary language to impose the intended sentence; and (3) is a hybrid sentence permissible under Ohio's sentencing scheme? As to the first two questions, we find that, although the trial court wanted to impose a hybrid sentence on the second-degree felony, it has never rendered a properly-worded judgment imposing such a sentence. As to the third query, we hold that a hybrid sentence is permissible. Therefore, as part of our final determination, this case must be remanded for the issuance of a proper final sentencing judgment.

{¶19} The procedure for granting judicial release is set forth in R.C. 2929.20. Division (B) of the statute generally provides that a sentencing court has the discretion to reduce an inmate's prison term if he is statutorily eligible for such relief. However, one serving a mandatory prison term is not eligible for release until after serving the mandatory portion of his term. R.C. 2929.20(A)(1)(a).

{¶20} During the first hearing on the third "judicial release" motion, the state did not assert any argument concerning appellee's eligibility for judicial release under the statutory definition. Although the state subsequently sought to raise this issue in the

second hearing on the motion, this did not occur until after the trial court had rendered its written judgment ordering appellee's early release. Under these circumstances, the state waived the question of appellee's eligibility for judicial release. Nevertheless, given that a serious issue exists regarding whether the trial court has rendered a final judgment that properly sets forth the intended sentence on the second-degree trafficking offense, this court will address the merits of the state's first assignment.

{¶21} Appellee was sentenced to two concurrent terms of four years and eighteen months. The four-year term was predicated upon his conviction pursuant to R.C. 2925.03(A)(2), which forbids a person from knowingly preparing for distribution, or actually distributing, a controlled substance. According to the allegations under the sixth count, the controlled substance distributed was crack cocaine, and the amount of the substance involved was greater than ten grams, but less than twenty-five grams. Under the version of R.C. 2925.03(C)(4)(e) in effect when appellee was sentenced in April 2010, where the substance being distributed was crack cocaine at the prescribed amount, a trial court is required to impose "as a mandatory term one of the prison terms prescribed for a felony of the second degree."

{¶22} Thus, the state submits that the trial court was required to impose a mandatory term for appellee's second-degree trafficking offense, and that the court failed to fulfill this requirement in imposing the stated four-year term. In support, the state refers solely to the trial court's original sentencing judgment of April 2010.

{¶23} As noted above, the original sentencing judgment imposed a stated term of four years for the second-degree trafficking offense; none of the term was deemed mandatory despite the requirement for a mandatory term. In presenting its argument,

7

the state ignores the trial court's nunc pro tunc entry, issued on December 29, 2011, in which the entire four-year term for the second-degree offense is deemed mandatory. Although this court ultimately concludes that the nunc pro tunc entry, like the original sentencing judgment, is technically flawed, the wording of the nunc pro tunc imposes a mandatory term in compliance with R.C. 2925.03(C)(4)(e). Therefore, the issue before this court becomes whether, despite the imposition of the stated four-year mandatory term, appellee is eligible for judicial release under R.C. 2929.20.

{¶24} Under the definition of "eligible offender" in R.C. 2929.20(A)(1)(a), a prison inmate is not eligible for judicial release until after he has served the mandatory time imposed. Accordingly, if an inmate's entire prison term is mandatory, he will never be eligible for judicial release. *See State v. Warren*, 11th Dist. Portage No. 2012-P-0069, 2013-Ohio-443. Even though the trial court also imposed a nonmandatory eighteen-month term for the fourth-degree trafficking offense, the court further ordered the shorter term to run concurrently with the four-year term. As a result, pursuant to the specific language used in the trial court's nunc pro tunc entry, appellee's entire four-year sentence was mandatory.

{¶25} However, despite the express wording of the nunc pro tunc entry, the trial court always intended for appellee to be eligible for judicial release. During the sentencing hearing on April 19, 2010, the trial court twice informed appellee that he would be subject to a mandatory prison term as a consequence of pleading guilty to a second-degree felony. Nevertheless, at the end of the proceeding, the court also told appellee that it would consider releasing him early if he made a true effort to alter his way of life.

**{¶26}** At first blush, the foregoing statements by the trial court would appear to be contradictory; i.e., how could the trial court conclude that appellee would be eligible for judicial release if his entire four year stated term is mandatory? Although the trial court did not attempt to provide any explanation for its various statements during the April 2010 sentencing hearing, explanation was given as part of the second hearing on appellee's third "judicial release" motion in February 2013. Specifically, in discussing the possible effect of this court's recent holding in *Warren*, the trial court indicated that its sentencing order was based upon the following logic:

**{¶27}** "My idea was if the mandatory minimum in a certain charge is two years and I gave you four, that you would be eligible after the two year period because that was the mandatory minimum."

**{¶28}** Pursuant to R.C. 2929.14(A)(2), the permissible range of a prison term for a second-degree felony is between two years and eight years. Hence, notwithstanding the specific language used in the nunc pro tunc entry, the trial court appears to have believed that, since two years was the shortest term that can be imposed for a second-degree trafficking charge, only that amount of appellee's sentence would be mandatory regardless of whether a total of four years was imposed.

**{¶29}** In the nunc pro tunc entry, the trial court employed the following language: "IT IS THEREFORE ORDERED that the Defendant is sentenced * * * to a definite term of eighteen (18) months to be served for the felony four and **a mandatory** four (4) years to be served for the felony two, * * *." (Emphasis sic.) Given the lack of reference to any two-year minimum, the trial court's language did not convey that which the court intended: a four-year stated sentence of which the first two years are mandatory.

9

{¶30} This court was faced with a somewhat similar situation in *Warren*, 2013-Ohio-443. Initially, the original trial judge in *Warren* verbally sentenced the defendant to a stated four-year term for aggravated vehicular homicide, but only two of the four years would be mandatory. However, the original final judgment imposed a mandatory four-year term for aggravated vehicular homicide and a consecutive mandatory one-year term for aggravated vehicular assault. As a result of the discrepancy, the *Warren* defendant moved to vacate the final judgment. After conducting a separate "resentencing" hearing, the original judge issued a second judgment in which the defendant was ordered to serve a mandatory four-year prison term for aggravated vehicular homicide and a consecutive one-year prison term for aggravated vehicular assault. Approximately three years after her resentencing, the *Warren* defendant moved for judicial release. During the ensuing "motion" hearing, the new trial judge indicated that she had spoken to the original trial judge about the matter, and that the original judge stated that he had intended for the defendant to be eligible for judicial release at that time. Based upon this, the new judge ordered the defendant's immediate release.

{¶31} On appeal in *Warren*, the state asserted that the defendant was ineligible for judicial release because the second sentencing judgment imposed a mandatory prison term of at least four years. *Id.* at ¶9. In response, the defendant argued that the new trial judge's decision should be upheld because there was nothing in the record to refute the possibility that the original trial judge did not order a four-year mandatory term in open court during the "resentencing" hearing. *Id.* In reversing the trial court's ruling on the "eligibility" issue, this court concluded that, as to the imposition of the mandatory

term, the unequivocal language of the second sentencing judgment was controlling over the new trial judge's statements regarding the original trial judge's intent. *Id.* at ¶14. As to the defendant's argument, we held that the lack of a transcript of the "resentencing" hearing precluded her from arguing that the original trial judge had only intended for two years of the four-year term to be mandatory. *Id.* at ¶15-16.

{¶32} The facts of our case are readily distinguishable from those in *Warren*. First, the trial record in *Warren* did not contain a transcript of the "resentencing" hearing; thus, it could not be determined whether the original trial judge's oral pronouncement at the "resentencing" hearing as to the length of the mandatory term conflicted with the wording of the second sentencing judgment. Second, unlike the trial judge in our case, the first trial judge in *Warren* was not present at the hearing on the motion for judicial release, and thus could not provide a proper explanation concerning whether part or all of the four-year term was intended to be mandatory.

{¶33} In our case, despite acknowledging during the sentencing hearing that a mandatory prison term had to be imposed for the second-degree trafficking offense, the trial court still indicated that appellee would be eligible to move for early judicial release. It is clear that neither judgment entry captured the trial court's intent: to impose a stated four-year sentence, with the first two years mandatory. Under these circumstances, it would be inequitable to deny appellee eligibility for judicial release simply because the trial court did not order the intended sentence.

{¶34} More importantly, though, since neither the original sentencing judgment nor the nunc pro tunc entry actually impose a stated four-year sentence with the first two years mandatory, a second nunc pro tunc order is in order. First, the original

11

sentencing judgment is flawed because it does not impose any mandatory term, as the trial court clearly intended and as is expressly mandated in R.C. 2925.03(C)(4)(e). Second, the nunc pro tunc entry is flawed because it too does not state the sentence the trial court intended to impose for the second-degree trafficking offense.

{¶35} As to the latter point, the only function of a nunc pro tunc entry "is not to correct or modify an existing judgment, but rather to make the record conform to that which has already occurred." *State v. Zawitz*, 8th Dist. Cuyahoga No. 99179, 2013-Ohio-2540, ¶13. Based upon the trial court's statements during the sentencing hearing and the second hearing on appellee's third "judicial release" motion, there is no dispute that the court intended to impose a stated prison term of four years for the second-degree trafficking offense, with only the first two years being mandatory. As noted above, the wording of the nunc pro tunc entry does not impose this sentence, but rather imposes a stated mandatory term of four years. To this extent, the nunc pro tunc does not adequately reflect what the trial court intended.

{¶36} Accordingly, upon remand of this action, the trial court must issue a nunc pro tunc entry which properly states its intended sentence for the second-degree trafficking offense. Specifically, the court must state that it is imposing a total definite prison term of four years for the offense, with the first two years mandatory.

{¶37} Given that the length of the mandatory term will not be equal to the total stated prison term for the second-degree trafficking offense, the trial court intended to impose a hybrid sentence. As part of its argument under its first assignment, the state contends that a hybrid sentence is impermissible. According to the state, regardless of how many years a trial court imposes for a second-degree felony, the entire term must

12

be mandatory in order to satisfy the statutory scheme.

{¶38} In support, the state submits that our *Warren* decision stands for the basic proposition that a "hybrid" sentence cannot be imposed under Ohio law. However, the state has clearly misinterpreted *Warren*, which does not even address the legal propriety of a hybrid sentence. The basic issue in *Warren* concerned whether the new trial judge could rely upon an off-the-record discussion with the original trial judge when the wording of the second sentencing judgment was unequivocal in regard to the length of the mandatory sentence.

{¶39} A review of the relevant case law indicates that the legality of hybrid prison sentences has been considered by a few Ohio appellate courts. In *State v. May*, 5th Dist. Morrow No. 2010 CA 2, 2010-Ohio-4625, the Fifth Appellate District concluded that a trial court has the discretion to impose a mandatory term that is shorter in length than the stated sentence for a specific offense. As the primary basis for its holding, the *May* court noted that the statutory sentencing scheme has provisions differentiating between a "stated prison term" and a "mandatory prison term." *Id.* at ¶13. The principal example is R.C. 2929.01(FF), which provides:

{¶40} "'Stated prison term' means the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14, 2929.142, or 2971.03 of the Revised Code or under 2919.25 of the Revised Code, * * *."

{¶41} The logic of the *May* court is that the language of R.C. 2929.01(FF) and other statutes shows that the phrase "stated term" was not intended by the legislature to be synonymous with the phrase "mandatory term." *Id.* at ¶18. In turn, the length of a

13

mandatory term does not have to necessarily coincide with the total "stated" term for one offense. In support of its holding, the *May* court also emphasized that the Ohio sentencing scheme does not have any provision that expressly prohibits the use of hybrid sentences. *Id.* Additionally, the *May* court emphasized that the allowance of a hybrid sentence is consistent with the general tenet that criminal statutes must be construed liberally in favor of the accused and strictly against the state. *Id.*, citing *State v. Fanti*, 147 Ohio App.3d 27, 30 (5th Dist.2001).

{¶42} Although at least one appellate district has rejected the contention that a hybrid sentence is permissible, *see State v. Thomas*, 3rd Dist. Allen No. 1-04-88, 2005-Ohio-4616, this court finds the logic of *May* to be persuasive. In addition to the reasons set forth in *May*, this court would indicate that the use of a hybrid sentence gives a trial court a degree of flexibility which can aid in the rehabilitation of the offender. By imposing a mandatory prison term which is shorter than the stated term for a particular offense, thereby making the offender eligible for early judicial release, the trial court can provide incentive to rehabilitate and modify behavior during the period of incarceration.

{¶43} In this case, the trial court sought to impose a mandatory term of two years for the second-degree trafficking offense, while imposing a stated term of four years. Given that a two-year term is a permissible sentence for a second-degree felony under R.C. 2929.12(A)(2), the trial court would not exceed the scope of its discretion should it impose the intended sentence. Furthermore, since appellee's "stated prison term" for the second-degree trafficking offense included a two-year nonmandatory term, he would be an "eligible offender" for judicial release under R.C. 2929.20(A)(1)(a).

{¶44} Even though the trial court intended to impose a hybrid sentence on the

second-degree trafficking offense, the trial court has not issued a sentencing order imposing such a sentence. Thus, to the extent that this case must be remanded so that the trial court can render a new nunc pro tunc entry with the necessary language for a hybrid sentence, the state's first assignment has merit. However, to the extent that the state has challenged the trial court's authority to impose a hybrid sentence, its first assignment is not well-taken.

{¶45} Under its second assignment, the state contends that the decision to grant appellee judicial release must be reversed because the trial court failed to make certain findings of fact. Citing R.C. 2929.20(J), the state asserts that appellee's release could not be justified unless the trial court made specific findings regarding the likelihood of recidivism and the seriousness of appellee's two convictions.

{¶46} R.C. 2929.20(J)(1) states that if an eligible offender's incarceration stems from a conviction for a first or second-degree felony, he cannot be given relief under the statute unless the trial court finds both of the following:

{¶47} "(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

{¶48} "(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense."

15

{¶49} In relation to these two findings, R.C. 2929.20(J)(2) states that, in granting judicial release to an eligible offender covered under division (J)(1), the trial court must "specify on the record both findings required in [division (J)(1)] and also shall list all the factors described in that division that were presented at the hearing."

{¶50} As previously discussed, one of the two trafficking counts covered under appellee's guilty plea was a second-degree felony under R.C. 2925.03(C)(4); thus, the requirements of R.C. 2929.20(J) had to be met before appellee's third motion for judicial release could be granted. During the first hearing on the third motion, the trial court only made two findings in support of its decision: (1) appellee had tried to change his way of life while incarcerated; and (2) it would be in the best interest of the community to grant appellee early release. While these two points may have been relevant to the ultimate ruling on the third motion, no required findings were made either orally or in the trial court's final judgment on the third motion. Hence, the trial court did not comply with R.C. 2929.20(J) in rendering its decision.

{¶51} By including division (J) in the judicial release statute, the state legislature clearly intended to place a burden upon eligible offenders who were convicted of first or second-degree felonies. Accordingly, even if other factors weighed in favor of releasing appellee prior to the completion of his entire term, he still would not be entitled to the requested relief unless the trial court also made findings in his favor on the two specific factors listed in division (J). For this reason, this case must be remanded so that a new oral hearing can be held if the trial court concludes additional evidence or arguments is needed on the two statutory factors. Based upon that proceeding, the trial court must render findings on the two listed factors in division (J), and render a new determination

16

regarding appellee's judicial release.

{¶52}   As the trial court failed to make the necessary findings for granting judicial release to a second-degree felon, the state's second assignment is well-taken.

{¶53}   Pursuant to the foregoing discussion, the state's second assignment has merit, and its first assignment has merit in part.

{¶54}   The  judgment of the Portage County Court of Common Pleas is reversed, and the case is hereby remanded for further proceedings.  Specifically, the trial court shall first issue a new nunc pro tunc entry which correctly states the nature of the sentence the court intended to impose for the second-degree trafficking offense: i.e., a total stated prison term of four years, only two of which are mandatory.  Second, the trial court shall make the necessary findings of fact under R.C. 2929.20(J), holding a new hearing if necessary, and then render a new judgment on the merits of appellee's third motion for judicial release.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.