[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ware,* Slip Opinion No. 2014-Ohio-5201.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5201

THE STATE OF OHIO, APPELLANT, *v*. WARE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ware,* Slip Opinion No. 2014-Ohio-5201.]**

*Prisoner is not eligible for judicial release when is entire prison sentence is mandatory pursuant to statute.*

(No. 2014-0425—Submitted September 10, 2014—Decided November 26, 2014.)

CERTIFIED by the Court of Appeals for Portage County,

No. 2013-P-0011, 2013-Ohio-5833.

_____

FRENCH, J.

{¶ 1} R.C. 2929.20, Ohio's judicial-release statute, allows certain offenders to apply for early release from prison.  In this appeal, we conclude that appellee, Shawn Ware, was not eligible for judicial release, because his entire prison sentence was mandatory.  Although the trial court later expressed its intent to impose a different sentence that would have allowed Ware to apply for early release, the court did not impose that sentence, nor could it have done so under Ohio law.

## Background

{¶ 2}   In March 2010, Ware pleaded guilty to two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2).[1]   One count was a second-degree felony, because it involved crack cocaine weighing between 10 and 25 grams.  R.C. 2925.03(C)(4)(e).   The other count was a fourth-degree felony, because it occurred in the vicinity of a juvenile.  R.C. 2925.03(C)(4)(b).   In exchange for the guilty plea, appellant, the state of Ohio, dismissed the remaining five felony counts.

{¶ 3}   Ware's second-degree felony carried a mandatory prison term—a fact Ware acknowledged when he pleaded guilty.  The law in effect at the time required the sentencing court to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree."   R.C. 2925.03(C)(4)(e).   The prison terms prescribed for a second-degree felony are "two, three, four, five, six, seven, or eight years."  R.C. 2929.14(A)(2).   In his written guilty plea, Ware acknowledged that his second-degree felony carried a mandatory prison term, and that "the prison term the judge imposes will be the term served."

{¶ 4}   At the April 2010 sentencing hearing, the trial court reminded Ware that his second-degree felony carried "mandatory time."   It then imposed a four-year prison term for that offense, to run concurrently with an 18-month prison term for Ware's fourth-degree felony, for a total prison term of four years. After announcing its sentence, however, the trial court concluded the hearing by telling Ware that, if he "change[d] [his] life around while in prison," his attorney "may petition * * * for a judicial release when it's appropriate."   The trial court's

---

[1] The General Assembly has since amended R.C. 2925.03 to eliminate the distinction between crack and powder cocaine.  *See* 2011 Am.Sub.H.B. No. 86, effective September 30, 2011.  All references to R.C. 2925.03 in this opinion are to the version of the statute in effect when Ware committed the offenses: former R.C. 2925.03, 2008 Sub.H.B. No. 195, effective September 30, 2008.

sentencing entry incorporated Ware's four-year prison term, but did not refer to the term as mandatory.

{¶ 5} Beginning in November 2010, Ware began filing motions for judicial release. After the trial court denied his first motion, Ware filed a second, arguing that he was eligible for release before the expiration of his four-year term because the original sentencing entry did not indicate that his four-year term was mandatory. Relying on the trial court's reference at the end of the sentencing hearing to judicial release, Ware argued that the trial court "impliedly intended the mandatory prison time for the offense to constitute two years."

{¶ 6} The trial court did not rule on the motion, but instead issued a nunc pro tunc entry, which referred to Ware's four-year prison term as "mandatory." Ware withdrew his pending motion.

{¶ 7} On October 26, 2012, Ware filed a third motion for judicial release, arguing that the original sentencing entry imposed only a "minimum mandatory sentence of two (2) years." After a hearing in February 2013, at which the state objected to Ware's early release, the trial court granted the motion and released Ware under intensive supervision for one year followed by general supervision for 48 months.

{¶ 8} Two days after it entered the final judgment granting Ware's release, the trial court held a "status hearing" to further explain its ruling. The trial court stated that it had not intended to make all four years of Ware's sentence mandatory: "My idea was if the mandatory minimum in a certain charge is two years and I gave you four, that you would be eligible after the two year period because that was the mandatory minimum."

{¶ 9} The state appealed the judgment granting Ware's release and argued that Ware was ineligible for judicial release under R.C. 2929.20 because his entire four-year prison term was mandatory. The court of appeals agreed that Ware's "entire four-year sentence was mandatory," but stated that the trial court

had intended to impose a "hybrid" prison term that was mandatory for only two of the four years. 11th Dist. Portage No. 2013-P-0011, 2013-Ohio-5833, ¶ 24, 44, 54. Based on the trial court's postjudgment statements at the 2013 status hearing, the court of appeals remanded the case with instructions for the trial court to issue a nunc pro tunc entry that "correctly states the nature of the sentence the court intended to impose for the second-degree trafficking offense: i.e., a total stated prison term of four years, only two of which are mandatory." *Id.* at ¶ 54.

{¶ 10} The Eleventh District certified that its judgment was in conflict with the Third District's judgment in *State v. Thomas*, 3d Dist. Allen No. 1-04-88, 2005-Ohio-4616. In *Thomas*, the Third District held that the mandatory prison term in R.C. 2925.11(C)(4)(3) is mandatory for the "full length" of the term. *Id.* at ¶ 8. We certified that there is a conflict over the following question:

When the imposition of a mandatory prison term is statutorily-mandated for a specific felony offense, is the trial court permitted to impose a total prison term within the maximum allowed, only a portion of which is mandatory under the statute?

138 Ohio St.3d 1491, 2014-Ohio-2021, 8 N.E.3d 962.

**Analysis**

{¶ 11} Ohio law provides that a prisoner cannot apply for judicial release until a period of time "after the expiration of all mandatory prison terms" in the stated prison sentence. R.C. 2929.20(C)(1), (2), (3), and (4). The question here is whether Ware could ever apply for judicial release. He could not. All four years of his prison sentence were mandatory, and the trial court could not change this result by later expressing its intent to impose a different "hybrid" sentence.

{¶ 12} It bears repeating that judicial release is a privilege, not an entitlement. " 'There is no constitutional or inherent right * * * to be

4

conditionally released before the expiration of a valid sentence.' " *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125, 630 N.E.2d 696 (1994), quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Courts have no inherent power to suspend execution of a sentence, and they must strictly construe statutes allowing such relief. *State v. Smith*, 42 Ohio St.3d 60, 61, 537 N.E.2d 198 (1989).

{¶ 13} In this case, Ware's second-degree felony was statutorily ineligible for judicial release from the very beginning. When he pleaded guilty, the punishment was clear: "the court *shall* impose as *a mandatory prison term* one of the prison terms prescribed for a felony of the second degree." (Emphasis added.) R.C. 2925.03(C)(4)(e). Under this statute, prison was mandatory—and judicial release therefore impossible—for the length of whichever "one of the prison terms" the trial court imposes for a second-degree felony, whether the term is "two, three, four, five, six, seven, or eight years." R.C. 2925.03(C)(4)(e) and 2929.14(A)(2). More to the point is R.C. 2929.13(F)(5), which specifically prohibits judicial release for a second-degree-felony drug offense for which R.C. 2925.03 "requires the imposition of a mandatory prison term." For such offenses, the court "shall impose a prison term" and "except as specifically provided [by statute] shall not reduce the term * * * pursuant to section 2929.20." R.C. 2929.13(F)(5).

{¶ 14} The trial court did not change this result at sentencing. It imposed a four-year prison term, and that entire prison term was mandatory by operation of law. *See* R.C. 2925.03(C)(4)(e) and 2929.13(F)(5). Even if it wanted to grant judicial release in the future, R.C. 2929.13(F)(5) explicitly prohibited it from doing so. *See State v. Taylor*, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶ 11 (noting that a mandatory prison term precludes the opportunity for judicial release).

**{¶ 15}** The court of appeals agreed that Ware's "entire four-year sentence was mandatory," 2013-Ohio-5833, ¶ 24, and its analysis should have ended there. But rather than find Ware ineligible for judicial release, the court of appeals remanded for the trial court to issue a nunc pro tunc entry imposing the prison sentence that it had "intended," that is, a "hybrid" sentence in which only two years would be mandatory. *Id.* at ¶ 44, 54.

**{¶ 16}** There are several problems with this analysis, starting with the court of appeals' focus on the prison sentence the trial court "intended" instead of the one it actually imposed. Only the latter is relevant in a judicial-release analysis. The trial court never imposed or purported to impose a hybrid sentence at the sentencing hearing or in its sentencing entry, and it did not announce a subjective intent to do so until the 2013 status hearing—years after it sentenced Ware and days after it entered the final judgment underlying this appeal. This hitherto unknown intent is inappropriate for a nunc pro tunc entry. A nunc pro tunc entry reflects what a court "actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

**{¶ 17}** Regardless, such a hybrid sentence would have been legally impossible. No sentencing statute allows a court to divide a singular "mandatory prison term" into a hybrid of mandatory and discretionary *sub*-terms. R.C. 2925.03(C)(4)(e) unambiguously requires a unitary "prison term" that is "mandatory," and R.C. 2929.13(F)(5) instructs that a court "shall not reduce" that term through judicial release. To override these legislative commands would require judicial improvisation in a legal system in which "[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). The trial court had "no power to substitute a different sentence for that provided for by statute." *Id.*

**{¶ 18}** Ware argues that the state cannot challenge his release because it did not object to his sentence at the sentencing hearing. There was nothing objectionable at sentencing from the state's perspective, however. The trial court imposed a four-year prison term that was mandatory by operation of law and did not allow for early release. Although the trial court mistakenly referred to a possibility of judicial release at the end of the hearing, the misstatement was exactly that—a misstatement. It did not implicitly change Ware's sentence, or place his mandatory prison term into some default "hybrid" status. If Ware believed that the misstatement revealed intent to impose a different sentence, it was *his* duty to raise the issue at sentencing or in a direct appeal.

**{¶ 19}** It is also irrelevant that the original sentencing entry did not refer to the four-year term as "mandatory." The trial court used the term "mandatory" in its subsequent nunc pro tunc entry, and even if it had not, Ware's prison term still would have been mandatory. R.C. 2929.19(B)(7) says that "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term * * * or to include [that fact] in the sentencing entry * * * does not affect the validity of the imposed sentence or sentences." Even still, the omission of the word "mandatory" does not imply the inclusion of a legally impossible hybrid sentence.

**{¶ 20}** In the end, Ware did not qualify for judicial release under R.C. 2929.20. Although the court of appeals considers this result "inequitable," because the trial court intended a different sentence than it imposed, 2013-Ohio-5833, ¶ 33, we reiterate that notions of equity do not empower courts to reopen final judgments without statutory authorization. *State ex rel. Chalfin v. Glick*, 172 Ohio St. 249, 252, 175 N.E.2d 68 (1961). "Clemency is a function of the Executive branch and the courts are without authority to free guilty defendants absent a specific legislative enactment." *State v. Beasley*, 14 Ohio St.3d 74, 76, 471 N.E.2d 774 (1984).

## Conclusion

{¶ 21} In summary, we answer the certified question in the negative and reverse the judgment of the court of appeals.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER, J. concurs in judgment only.

_____

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellant.

Kane & Kane and Terry G. P. Kane, for appellee.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.

_____