[Cite as *State v. Tutt*, 2016-Ohio-3259.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103181

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KHALID TUTT

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589749-A

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 2, 2016

**ATTORNEY FOR APPELLANT**

P. Andrew Baker
Buckeye Law Office
11510 Buckeye Road
Cleveland, Ohio 44104


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Gregory J. Ochocki
        Marc D. Bullard
Assistant Prosecuting Attorneys
The Justice Center, 8th and 9th Floors
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Khalid Tutt ("Tutt"), appeals his convictions and raises the following three assigned errors:

1. The trial court erred when it accepted defendant-appellant's plea when it was not made knowingly, intelligently, and voluntarily.

2. The trial court erred in depriving the defendant-appellant of effective assistance of counsel.

3. The trial court erred in improperly imposing consecutive sentences and defendant-appellant must receive a new sentencing hearing.

{¶2} We find merit to the appeal and reverse.

## I. Facts and Procedural History

{¶3} Tutt was indicted on several drug-related charges in Cuyahoga C.P. No. CR-14-589749-A. He pleaded guilty to (1) trafficking in violation of R.C. 2925.03(A)(2), (2) defacing identification marks on a firearm in violation of R.C. 2923.201(A)(2), (3) tampering with evidence in violation of R.C. 2921.12(A)(1), and (4) having a weapon while under disability in violation of R.C. 2923.13(A)(2).

{¶4} Following a presentence investigation, the court sentenced Tutt to a five-year prison term on the drug trafficking charge, plus a consecutive mandatory one year for the attendant gun specification for an aggregate six-year term. With respect to the other charges, the court sentenced Tutt to six months on the defacing identification marks on a firearm charge, one year on the tampering with evidence charge, and one year on the

having a weapon while under disability charge, to be served concurrently with the six-year term on the trafficking conviction.

{¶5} As a result of Tutt's convictions in this case, the court found him in violation of the terms of his community control sanctions in Cuyahoga C.P. No. CR-09-528423-A and sentenced him to one year in prison for the violation to be served consecutive to his six-year sentence in Case No. CR-589749-A. Tutt now appeals his convictions and consecutive sentence.

## II.  Law and Analysis

{¶6} In the first assignment of error, Tutt argues the trial court erred in finding that he knowingly, intelligently, and voluntarily pleaded guilty in Case No. CR-589749-A. He contends the court failed to comply with the requirements of Crim.R. 11(C)(2)(a).

{¶7} To be constitutionally valid, the criminal defendant must enter a guilty plea to a felony charge knowingly, intelligently, and voluntarily. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. Crim.R. 11(C) outlines the constitutional and procedural safeguards the trial court must follow when accepting a guilty plea. Pursuant to Crim.R. 11(C), the trial court must personally address the defendant and inform him of the constitutional rights he is waiving by virtue of his plea. The court must also advise the defendant of several nonconstitutionally based rights, including knowledge of the "nature of the charges," the "maximum penalty" involved, and if applicable, that the defendant is ineligible for community control sanctions. Crim.R. 11(C)(2). "When a trial judge fails to explain the constitutional rights set forth in

Crim.R. 11(C)(2)(c)," the guilty plea is invalid "under a presumption that it was entered involuntarily and unknowingly." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. Therefore, the trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights. *Veney* at ¶ 27.

{¶8} If the trial judge fails to perfectly explain the defendant's nonconstitutional rights, "substantial compliance" is sufficient. *Clark* at ¶ 31. Under this standard, a slight deviation from the text of the rule is permissible so long as the totality of the circumstances indicates "the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id*.

{¶9} Further, where the trial judge partially complied with the rule with respect to nonconstitutional rights, the plea may only be vacated if the defendant demonstrates a prejudicial effect. *Veney* at ¶ 17. The test for prejudice is "'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

{¶10} Tutt argues the trial court did not advise him of the maximum penalty involved because the court failed to explain the mandatory nature of the sentence he would receive on the trafficking charge, which was a first-degree felony. He relies on *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 10, to support his argument.

{¶11} In *Ware*, the Ohio Supreme Court held that trial courts have no authority to divide a singular "mandatory prison term" into "a hybrid of mandatory and discretionary

sub-terms," thus making it impossible for a defendant to obtain judicial release after serving the mandatory portion of the sentence. *Ware* at ¶ 17. Therefore, Tutt argues, the trial court should have explained that Tutt would be ineligible for judicial release after serving the mandatory portion of his prison sentence.

{¶12} Tutt pleaded guilty to drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony. R.C. 2925.03(A)(2)(e) provides the sentence for this offense and states that "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." R.C. 2929.14, which governs basic prison terms, provides that "[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years." Therefore, whatever prison term the court imposes pursuant to R.C. 2929.14 for first-degree felony trafficking offenses in violation of R.C. 2925.03(A)(2) is a mandatory term.

{¶13} During the colloquy, the court explained the statutory penalties for each offense to which Tutt would be pleading guilty, and Tutt asked, "Is this going to be mandatory time?" Initially the court indicated that only part of the prison term was mandatory, but quickly corrected itself and stated:

> THE COURT: Oh, it is mandatory. What am I thinking? In other words, it's a minimum mandatory of three years on the felony 1 drugs and mandatory one year on the firearm specification.
>
> THE DEFENDANT: Do those run together or do three and one?
>
> THE COURT: You've got to do at least three and one. That's four. Four is the minimum mandatory here. I'm not representing to you I'm giving you four years by any stretch of the imagination. You understand that, don't you.

THE DEFENDANT: Yes, sir.

(Tr. 9-10.)

{¶14} With respect to Tutt's trafficking charge, the court explained:

A felony of the first degree carries anywhere from three to 11 years in prison in yearly increments and/or fine up to $20,000. The one-year firearm specification must be served prior to and consecutive to the base penalty of three to 11 years.

(Tr. 6.) Thus, the court explained the maximum prison term Tutt could receive for trafficking.

{¶15} However, questions remained regarding the mandatory nature of the potential prison term. Tutt asked the court if there were any programs available that would allow him to be released from prison early. In response to this question, the court answered: "Once you are down there, they control your destiny, I don't."

{¶16} The court's response suggested that the prison might have programs that would permit early release from prison. Thus, the court's response was misleading and inaccurate because the statute expressly states that service of the entire prison term is mandatory. The court did not inform Tutt the truth of the matter, which was that any prison term imposed for Tutt's trafficking conviction was mandatory, regardless of its length. There could be no programs available that would have allowed Tutt to be released from prison before the end of the mandatory term. Therefore, because Tutt's plea was made on the basis of inaccurate information, it could not have been knowingly, intelligently, or voluntarily.

{¶17} Therefore, the first assignment of error is sustained.

{¶18} Having determined that Tutt's plea was not made knowingly, intelligently, or voluntarily and must be vacated, the remaining assignments of error, which relate to sentencing and the effectiveness of trial counsel are moot.

{¶19} Judgment reversed. Tutt's plea is vacated and the case is remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR