[Cite as *State v. Hafford*, 2016-Ohio-7282.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150578 |
| | | TRIAL NO. B-1503639 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ALLEN HAFFORD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 12, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp* for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1} Defendant-appellant Allen Hafford appeals the trial court's judgment revoking his community control. We overrule his assignment of error and affirm the judgment of the trial court.

{¶2} Hafford was indicted for theft, a fifth degree felony, in violation of R.C. 2913.02(A)(1). Hafford had stolen his mother's property and had pawned the property at various pawnshops. On August 3, 2015, Hafford pleaded guilty to the theft offense.

{¶3} At his sentencing hearing on September 8, 2015, the trial court sentenced Hafford to serve three years' community control with intensive supervision. The trial court ordered Hafford to pay court costs, standard probation fees, and restitution to the various pawnshops. At the sentencing hearing, the trial court also orally ordered Hafford to "enter and complete a program of treatment at River City Correctional Center ("River City") to be held pending availability of a bed." The trial court also ordered Hafford to complete other terms and conditions related to his community control sanction, including that Hafford "must complete treatment or counseling as provided in the intensive treatment plan to be developed by the Adult Probation Department and any other treatment or counseling program by them."

{¶4} The sentencing entry was entered on September 17, 2015, but the entry did not include the language requiring Hafford to complete treatment at River City. Several days later, the probation department filed a community control sanction violation against Hafford for refusing to enter the River City program.

{¶5} On September 29, 2015, the trial court held a hearing on the alleged community control violation. Before proceeding with the hearing, the trial court stated, "I will note, for the record, that on reviewing the judgment entry the Court's order for River City was not carried into judgment due to a clerical error. The Court did, in fact, announce River City and the defendant was to be held for a bed at River City." The trial court then asked defense counsel, "[H]ow would you like to proceed?" Defense counsel replied, "Your honor, [Hafford is] going to enter a plea of guilty to the violation." After the state recited the facts, the trial court asked defense counsel if there was anything else to add to the facts, to which defense counsel said no. Defense counsel then waived probable cause. The trial court found Hafford guilty of violating the terms of his community control.

{¶6} When asked by the trial court for mitigation, defense counsel expressed that Hafford had, in the past, completed a River City program, and that he did not want to complete the program again. Hafford, who claimed to be hard of hearing, expressed that he was not aware that he was sentenced to River City until he found out from a sheriff's deputy after his sentencing hearing. The trial court revoked Hafford's community control, sentenced him to ten months' incarceration, and credited him with 85 days served.

{¶7} On October 2, 2015, the trial court, nunc pro tunc, corrected the original sentencing entry by adding the River City requirement. On October 9, 2015, the trial court journalized its judgment entry revoking Hafford's community control and imposing a sentence of incarceration.

{¶8} Hafford appealed and asserts one assignment of error. Hafford argues that the trial court erred to his prejudice and deprived him of due process of law by finding him guilty of a community control violation and revoking his community

3

control where the sole term of the community control violation was not journalized at the time of the revocation hearing.

{¶9}     Hafford did not raise this issue below, therefore, he has forfeited all but plain error.  *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 15.  In order to correct plain error, (1) there must be an error, i.e., a deviation from the legal rule, (2) the error must be plain, an obvious defect in the proceedings, and (3) the error must have affected substantial rights.  *Id.* at 16.  The burden is on Hafford to demonstrate plain error.  *Id.* at 17.

{¶10}     It is well-settled law that a court speaks only through its journal entries.  *See State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 163, 656 N.E.2d 1288 (1995); Crim.R. 32.  However, where there are "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission," Crim.R. 36 allows for those errors to "be corrected by the court at *any* time."  (Emphasis added.)  Errors that are subject to correction include clerical errors, mistakes, or omissions that are mechanical in nature and apparent on the record and do not involve a legal decision or judgment.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15.

{¶11}     These errors may be corrected through nunc pro tunc entries.  "The purpose of the nunc pro tunc entry is to make the record 'speak the truth' "—to reflect what a court actually decided, not what it may have intended to or could have decided.  *Miller v. Watkins & State Auto. Mut. Ins. Co.*, 1st Dist. Hamilton No. C-030065, 2004-Ohio-3132, ¶ 6; *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 16.  "[A] nunc pro tunc entry does not replace the original judgment entry; it relates back to the original entry."  *N.Y. Frozen Foods, Inc. v.*

*Bedford Hts. Income Tax Bd. of Rev.*, 144 Ohio St.3d 1481, 2016-Ohio-465, 45 N.E.3d 247, ¶ 8, quoting *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 43.

{¶12}    Hafford argues that because the River City term was not a part of the judgment entry at the time of his revocation hearing, the trial court did not have the authority to find him guilty of a community control violation.  He further argues that his plea was a nullity, as it was based on a nonexistent term of his community control.  He also asserts that a nunc pro tunc entry issued after the revocation hearing violated his due process rights.

{¶13}    Hafford relies on *State v. Sheffield*, 8th Dist. Cuyahoga No. 95434, 2011-Ohio-2395, and *State v. Puttick*, 5th Dist. Morrow No. 12CA0012, 2013-Ohio-3295.    These cases are distinguishable, as they involve maximum terms of imprisonment journalized in the entry imposing community control.  Other courts, however, have permitted nunc pro tunc entries to correct clerical errors as to the length of a defendant's community control sanction, the factual findings on a judgment entry, and the length of postrelease control.  *See, e.g., State v. Battle*, 9th Dist. Summit No. 23404, 2007-Ohio-2475, ¶ 9-10; *State v. Taylor*, 78 Ohio St.3d 15, 676 N.E.2d 82 (1997); *State v. Harrison*, 12th Dist. Butler Nos. CA2009-10-272 and CA2010-01-019, 2010-Ohio-2709.

{¶14}    Here, the record demonstrates that Hafford was notified of the River City term of his community control at his sentencing hearing, but the term was omitted from the sentencing entry.  This is the type of clerical error that is appropriately corrected through a nunc pro tunc entry.

{¶15}    We also find no error in the timing of the nunc pro tunc entry.  At Hafford's revocation hearing, the trial court informed him that there had been a

clerical error as to the River City term and asked how he would like to proceed. Knowing this, Hafford still waived probable cause and pleaded guilty to the violation.

{¶16} The nunc pro tunc entry, although entered subsequent to Hafford's community control revocation hearing, reflected the actual decision of the trial court at Hafford's sentencing hearing. Hafford pleaded guilty to a community control violation, albeit one orally imposed but not yet journalized at the time. But because the nunc pro tunc entry related back to the date of the original sentencing entry, the plea was proper and the trial court did not violate his due process rights when it revoked his community control and sentenced him to a term of imprisonment. Hafford's sole assignment of error is overruled. We therefore affirm the judgment of the trial court.

Judgment affirmed.

**FISCHER, P.J.,** and **CUNNINGHAM, J.,** concur.


Please note:

This court has recorded its own entry this date.