[Cite as *State v. Snowden*, 2024-Ohio-3255.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellant,          :               No. 23AP-699
                                                          (C.P.C. No. 20CR-3640)
v.                                               :
                                                              (REGULAR CALENDAR)
Louis T. Snowden,                                :

      Defendant-Appellee.           :

---

D E C I S I O N

Rendered on August 27, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Mark R. Wilson*, for appellant. **Argued:** *Mark R. Wilson*.

**On brief:** *Adam G. Burke* and *Mellissia Fuhrmann*, for appellee. **Argued:** *Adam G. Burke*.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Louis T. Snowden, for judicial release. For the following reasons, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} In August 2020, Snowden was indicted on multiple drug offenses, including aggravated tracking in drugs in violation of R.C. 2925.03, a first-degree felony, with a one-year firearm specification. In January 2021, Snowden pleaded guilty to the stipulated lesser included offense of aggravated trafficking in drugs in violation of R.C.2925.03, a second-degree felony, with a one-year firearm specification. The trial court accepted Snowden's plea, a nolle prosequi was entered as to the other counts, and Snowden was sentenced to an

indeterminate prison term of 2 to 3 years, with a "mandatory consecutive" 12 months in prison as to the firearm specification. The judgment entry does not state whether the prison term for the drug offense was mandatory.

{¶ 3} In August 2023, Snowden filed a request for judicial release, pursuant to R.C. 2929.20, asserting he was eligible for that release 180 days after the expiration of his mandatory 12-month prison term for the firearm specification. On October 19, 2023, the trial court granted Snowden's request for judicial release.

{¶ 4} The state timely appeals.

## II. Assignments of Error

{¶ 5} The state assigns the following two assignments of error for our review:

> [I.] The trial court erred in granting defendant judicial release contrary to law.

> [II.] The trial court erred in failing to make both of the findings needed, and list all of the factors presented at the hearing, to justify the judicial release of a second-degree felon.

## III. Discussion

{¶ 6} The state's first assignment of error alleges the trial court erred in granting Snowden's request for judicial release. The state contends Snowden was ineligible for judicial release. We agree.

{¶ 7} "[J]udicial release is a privilege, not an entitlement. 'There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.' " *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, ¶ 12, quoting *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125 (1994). "Courts have no inherent power to suspend execution of a sentence, and they must strictly construe statutes allowing such relief." *Id.*, citing *State v. Smith*, 42 Ohio St.3d 60, 61 (1989).

{¶ 8} Ohio's judicial release statute, R.C. 2929.20, permits certain offenders to apply for early release from prison. This statute authorizes a sentencing court to reduce the prison term of an "eligible offender" through a "judicial release." R.C. 2929.20(B). An "eligible offender" is defined, with exceptions not relevant here, as "any person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." R.C. 2929.20(A)(1)(a). A mandatory prison term is not subject to reduction.

*See Ware* at ¶ 11, quoting R.C. 2929.20(C) ("Ohio law provides that a prisoner cannot apply for judicial release until a period of time 'after the expiration of all mandatory prison terms' in the stated prison sentence."). An offender sentenced to a nonmandatory prison term between two and five years may apply for judicial release "not earlier than one hundred eighty days after the expiration of all mandatory prison terms." R.C. 2929.20(C)(1)(b).

{¶ 9} Here, Snowden argues the prison term for his drug offense was not mandatory, and therefore he was eligible for judicial release 180 days after serving the mandatory prison term for the firearm specification. In support, he asserts the trial court did not expressly state in the judgment entry that this prison term for the drug offense was mandatory. He also asserts his prison term for the drug offense cannot be considered mandatory because he pleaded guilty to a general violation of R.C. 2925.03, not specifically R.C. 2925.03(C)(1)(d), which requires the imposition of a mandatory prison term. Noting that not all second-degree felony drug trafficking offenses under R.C. 2925.03 require a mandatory prison term, such as R.C. 2925.03(C)(2)(d) (prohibiting "trafficking in drugs"), Snowden argues the lack of subsection specificity and resulting ambiguity in the judgment entry should be construed in his favor.

{¶ 10} Snowden's arguments are unpersuasive. Snowden correctly notes that the trial court's judgment entry does not state that the prison term for the aggravated trafficking in drug offense was mandatory—it is silent as to this issue. But the fact that the trial court's judgment entry does not expressly state the imposed prison term for the aggravated trafficking in drugs offense was mandatory did not alter the mandatory nature of that term. *See Ware* at ¶ 14, 18 (even though sentencing entry did not refer to the imposed prison term as mandatory, it was "mandatory by operation of law and did not allow for early release"). Moreover, although the judgment entry does not specify the subsection of R.C. 2925.03 that Snowden violated, the entry indicates he was convicted of "aggravated trafficking in drugs" in violation of that statute, as a second-degree felony. (Jan. 18, 2022 Jgmt. Entry at 1.) The only subsection in R.C. 2925.03 that applies to aggravated trafficking in drugs is R.C. 2925.03(C)(1), and a prison term is mandatory for a second-degree felony aggravated trafficking in drugs offense. R.C. 2925.03(C)(1)(c) and (d). Thus, there is no ambiguity or uncertainty—pursuant to statute, the prison term was mandatory for

Snowden's drug offense.  Consequently, Snowden was ineligible for judicial release as a matter of law.

{¶ 11} Accordingly, we sustain the State's first assignment of error.

{¶ 12} The state's second assignment of error alleges the trial court erred in not making the necessary findings to justify the granting of Snowden's judicial release request. Because we find Snowden was not eligible for judicial release, and therefore have sustained the state's first assignment of error, this assignment of error is moot.

## IV. Disposition

{¶ 13} Having sustained the state's first assignment of error, and finding as moot its second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.

_____