[Cite as *State v. Whitfield*, 2015-Ohio-4139.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 14CA3615

    vs. :

WILLIAM WHITFIELD, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

William Whitfield, McConnelsville Road, Caldwell, Ohio, pro se.

Mark Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM SCIOTO COUNTY
DATE JOURNALIZED: 9-28-15
ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that overruled a motion to withdraw guilty plea filed by William Whitfield, defendant below and appellant herein. Appellant previously pled guilty to drug trafficking in violation of R.C. 2925.03(A)(2) & (C)(1)(e). Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE DEFENDANT'S PLEA WAS NOT KNOWINGLY,
> INTELLIGENTLY, AND VOLUNTARILY MADE BECAUSE
> THE TRIAL COURT FAILED TO INFORM HIM THAT HIS
> PLEA TO TRAFFICKING IN DRUGS (OXYCODONE), R.C.

2925.03 A FELONY OF THE FIRST DEGREE REQUIRED A MANDATORY PRISON TERM IN VIOLATION OF CRIM.R. 11."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERROR [sic] AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶ 2}   On April 17, 2013, the Scioto County Grand Jury returned an indictment that charged appellant with the aforementioned offense, as well as (1) the possession of drugs in violation of R.C. 2925.11(A) & (C)(1)(d), (2) tampering with evidence in violation of R.C. 2921.12 (A)(1), and (3) conspiracy to traffic in drugs in violation of R.C. 2923.01.   Appellant initially pled not guilty to all charges.

{¶ 3}   On June 26, 2013, appellant withdrew his not guilty plea to the trafficking count and entered a guilty plea.   On October 10, 2013, the trial court imposed a nine year term of incarceration and noted that this is an "agreed sentence," and dismissed all remaining counts. No appeal was taken from that judgment.

{¶ 4}   On February 20, 2014, appellant filed a pro se motion to withdraw his guilty plea. In particular, appellant argued that the trial court failed to inform him (1) of the maximum penalty he faced if he entered a plea, and (2) the fact that the nine year prison sentence is mandatory.   Appellant further argued that the record did not show that he "subjectively understood the implications of the guilty plea," and that the trial court did not explain that he is ineligible for judicial release and a community control sanction.   The trial court denied the motion.   This appeal followed.

I

{¶ 5}   In his first assignment of error, appellant argues that his plea was not knowing, intelligent and voluntary.   We reject that particular argument because it is not properly before us.  An error of this sort should have been raised on direct appeal, but no appeal was taken.   Thus, the doctrine of res judicata bars the issue from being raised at this date in a Crim.R. 32.1 motion to withdraw guilty plea. See *State v. Harper,* 4th Dist. Lawrence No. 14CA18, 2014-Ohio-5849, at ¶11; *State v. Ables*, 4th Dist. Pickaway No. 11CA22, 2012-Ohio-3377, at ¶14; *State v. LaPlante*, 4th Dist. No. 11CA3215, 2011-Ohio-6675, at ¶8.   However, to the extent that appellant makes this same argument in support of his motion to withdraw his guilty plea, we will consider it when we review his second assignment of error.

{¶ 6}   Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

## II

{¶ 7}   In his second assignment of error, appellant argues that the trial court erred by denying his motion to withdraw his guilty plea.   Appellant posits several bases for this argument, but the most persuasive is that the trial court did not inform him that the entire nine year sentence is mandatory.

{¶ 8}   A post-sentence motion to withdraw guilty plea may only be granted when necessary to correct a "manifest injustice." Crim.R. 32.1.   The decision to grant or to deny a Crim.R. 32.1 motion lies in a trial court's sound discretion and will not be reversed absent an abuse of that discretion.   *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus (1992); *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus (1977).   Generally, an abuse of discretion is more than an error of law or judgment;

rather, it implies that a court's attitude is unreasonable, arbitrary or unconscionable.   *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990).   In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 9}   At the outset we point out that we find no change of plea hearing transcript in the record on appeal.   It is well-settled that, in the absence of a transcript to show exactly what transpired, a presumption of correctness attaches to the trial court proceedings.   See *State v. Esparza*, 4th Dist. Washington No. 12CA42, 2013-Ohio-2138, at ¶8; *State v. Lofton*, 4th Dist. Pickaway No. 12CA11, 2013-Ohio-1120, at ¶10.   Appellant has the burden to demonstrate error on appeal.   Without a transcript, that task becomes almost insurmountable.   This case is different, however, because the error is apparent on the face of the sentencing entry.   The October 11, 2013 sentencing entry states that appellant's sentence is "an agreed sentence for a total net sentence of nine (9) years, in which six (6) years is mandatory."   In other words, the sentence has both mandatory and non-mandatory components.

{¶ 10} The offense to which appellant pled guilty is a first degree felony.   R.C. 2925.03(C)(1)(e) provides that whatever prison term is selected for a first degree felony, the term is a mandatory sentence.   R.C. 2929.14(A)(1) allows a trial court to impose sentences for a first degree felony in a range from three to eleven years.   In the case sub judice, the trial court imposed a nine year sentence.   However, we find nothing in the statutes (nor does the State cite any case authority) to allow for a "hybrid" sentence (part mandatory and non-mandatory).   The

Ohio Supreme Court recently addressed this type of sentence, albeit for a second degree felony

rather than a first degree, in *State v. Ware*, 141 Ohio St.3d 160, 22 N.E.3d 1082,

2014-Ohio- 5201 and concluded:

"In this case, Ware's second-degree felony was statutorily ineligible for judicial release from the very beginning. When he pleaded guilty, the punishment was clear: 'the court *shall* impose as a *mandatory prison term* one of the prison terms prescribed for a felony of the second degree.' (Emphasis added.) R.C. 2925.03(C)(4)(e). Under this statute, prison was mandatory—and judicial release therefore impossible—for the length of whichever 'one of the prison terms' the trial court imposes for a second-degree felony, whether the term is 'two, three, four, five, six, seven, or eight years.' R.C. 2925.03(C)(4)(e) and 2929.14(A)(2). More to the point is R.C. 2929.13(F)(5), which specifically prohibits judicial release for a second-degree-felony drug offense for which R.C. 2925.03 'requires the imposition of a mandatory prison term.' For such offenses, the court 'shall impose a prison term' and 'except as specifically provided [by statute] shall not reduce the term pursuant to section 2929.20.' R.C. 2929.13(F)(5).

The trial court did not change this result at sentencing. It imposed a four-year prison term, and that entire prison term was mandatory by operation of law. See R.C. 2925.03(C)(4)(e) and 2929.13(F)(5). Even if it wanted to grant judicial release in the future, R.C. 2929.13(F)(5) explicitly prohibited it from doing so. See State v. Taylor, 113 Ohio St.3d 297, 2007-Ohio-1950, 865 N.E.2d 37, ¶11 (noting that a mandatory prison term precludes the opportunity for judicial release).

*        *        *

Regardless, such a hybrid sentence would have been legally impossible. <u>No sentencing statute allows a court to divide a singular 'mandatory prison term' into a hybrid of mandatory and discretionary sub-terms. R.C. 2925.03(C)(4)(e) unambiguously requires a unitary 'prison term' that is 'mandatory,' and R.C. 2929.13(F)(5) instructs that a court 'shall not reduce' that term through judicial release.</u> To override these legislative commands would require judicial improvisation in a legal system in which '[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.' Colegrove v. Burns, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). The trial court had 'no power to substitute a different sentence for that provided for by statute.' Id." Id. at ¶¶13, 14 & 17.

{¶ 11} Citing *Ware*, our Seventh District colleagues came to the same conclusion with

regard to a first degree felony. See *State v. Tarleton*, 7th Dist. Belmont No. 13BE17,

2014-Ohio-5820, at ¶¶21 & 23. Thus, a court has no authority to impose "a hybrid sentence

composed of mandatory and discretionary sub-terms." Id. at 21.[1]

{¶ 12} Despite the absence of a transcript in the record, we believe that it is evident from the trial court's October 11, 2013 sentencing entry and February 28, 2014 judgment that overruled appellant's motion to withdraw guilty plea that appellant was led to believe that only six of his nine year sentence is mandatory.   In fact, under *Ware* the entire nine years are mandatory.

{¶ 13} It may well be that appellant would have accepted the plea agreement even if it had been explained that the agreed nine year sentence was all mandatory.   However, this misunderstanding is sufficient to persuade us that a manifest injustice has occurred for purposes of Crim.R. 32.1.   Thus, we hereby sustain appellant's second assignment of error.

{¶ 14} Having sustained the second assignment of error, we hereby reverse the trial court's judgment, vacate appellant's guilty plea and remand the case for further proceedings consistent with this opinion.

> JUDGMENT REVERSED AND CASE
> REMANDED FOR FURTHER
> PROCEEDINGS CONSISTENT WITH
> THIS OPINION.

Harsha J., Concurring:

{¶ 15} The underlying issue in the second assignment of error is whether the court's error in creating a hybrid sentence results in the judgment being void, or merely voidable. If it's the former, res judicata does not apply because a void judgment is subject to collateral attack at any

---

[1] Both *Ware* and *Tarleton* were decided after the parties filed their briefs in this case, thus neither party nor the trial court

time. *State v. Fischer* 2010-Ohio-6238, at ¶ 30. Under traditional jurisprudence sentencing errors were not jurisdictional, see *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1988); *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992). But now a sentence is partially void if it "is not in accordance with statutorily mandated terms. Thus any attempt by a court to disregard statutory requirements *** renders the attempted sentence a nullity or void." *Fischer* at ¶ 7-9.

{¶ 16} Under the traditional view courts were duty bound to follow all statutes, including sentencing statutes, i.e. all statutes mandated compliance. Failure to do so resulted in error, the judgment was contrary to law and thus voidable, but not void. In other words, a judgment is not void merely because it is erroneous. *United Student Aid Funds, Inc. v. Espinosa* 130 S. Ct. 1367, 1377, 176 L.Ed.2d 158 (2010).   This is so because the trial court has subject matter jurisdiction to make a mistake. See, *Pratts v .Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, 22.   But, silly me, under the modern Ohio view there is now "a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *Fischer*, at ¶ 8.

{¶ 17} Notwithstanding the dicta in *State v. Holdcroft*, 137 Ohio St.3d 526 2013-Ohio-5014, ¶8 to the contrary, if a court imposes consecutive sentences without making the statutory mandated findings, is the sentence void, or merely voidable? I believe most courts have been finding them voidable and requiring the defendant to raise the issue on direct appeal. But according to the "narrow exception", isn't the sentence partially void because the mandatory

had the benefit of those opinions.

findings are missing? One could argue it's not mandatory within the meaning of *Fischer* because the court doesn't have to impose consecutive sentences in that case. But once a court chooses to impose consecutive sentences, hasn't the court ignored a mandatory requirement, making its judgment void? One can imagine other similarly, arguable situations. See Justice Lanzinger's laments in *Fischer* and *In re J.S.*, 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 975.

{¶ 18} Here the statute provides Whitfield's sentence is not subject to judicial release, so the entire term must be served, i.e. it's mandatory. Because it's a mandatory statutory requirement and the trial court ignored it, under the modern view we must declare it void and thus, not subject to res judicata.

{¶ 19} Even though I continue to believe the better approach renders this error voidable and res judicata should apply, I reluctantly must concur in judgment and opinion.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and that the case be remanded for further proceedings consistent with this opinion.     Appellant to recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, A.J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.