[Cite as *State v. Lausin*, 2016-Ohio-5184.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-G-0055** |
| ROBERT J. LAUSIN, JR., | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 08 C 000069.

Judgment: Affirmed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellant).

*Mark B. Marein,* Marein & Bradley, 222 Leader Building, 526 Superior Avenue, Cleveland, OH 44114 (For Defendant-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, the state of Ohio, appeals from two judgments of the Geauga County Court of Common Pleas: the January 12, 2016 judgment vacating appellee's, Robert J. Lausin, Jr., original November 17, 2008 hybrid sentence which combined mandatory and non-mandatory terms of imprisonment for aggravated vehicular homicide and aggravated vehicular assault on the grounds that it was illegal and void;

and the February 3, 2016 judgment resentencing Lausin to a new sentence of concurrent, mandatory terms of imprisonment totaling six years. For the reasons stated, we affirm.

{¶2} On June 2, 2008, Lausin was indicted by the Geauga County Grand Jury on five counts: count one, aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a); count two, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a); counts three and four, driving while under the influence of alcohol, misdemeanors of the first degree, in violation of R.C. 4511.19(A)(1)(a) and (f); and count five, failure to stop at a stop sign, a minor misdemeanor, in violation of R.C. 4511.43(A). Lausin was represented by counsel and pleaded not guilty to all charges.

{¶3} Thereafter, on September 29, 2008, Lausin withdrew his former not guilty plea and pleaded guilty to counts one through three as charged in the indictment. The trial court accepted his guilty plea and dismissed counts four and five. On November 17, 2008, the court sentenced Lausin to the following: six years in prison on count one, aggravated vehicular homicide, specifying that three of those years were mandatory; three years in prison on count two, aggravated vehicular assault, specifying that one of those years was mandatory; and six months on count three, driving while under the influence of alcohol. Counts one and two were imposed consecutively. Count three was ordered to be served concurrently with counts one and two. The court also notified Lausin regarding post-release control. No appeal was taken at that time.

**{¶4}** From 2010 to 2013, Lausin filed three motions for judicial release pursuant to R.C. 2929.20. All of his motions were denied by the trial court.

**{¶5}** On November 4, 2015, Lausin filed a "Motion to Withdraw Guilty Pleas or, Alternatively, to Vacate Illegal Sentence." Lausin alleged he did not enter his pleas knowingly, voluntarily, or intelligently. Lausin further alleged that his 2008 sentence was illegal due to the trial court's attempted combination of mandatory and non-mandatory portions of the sentence, i.e., a hybrid sentence, contrary to Ohio law under *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201.[1] The state filed an opposition contending Lausin's motion was untimely, that he failed to demonstrate a manifest injustice, and that the *Ware* decision is inapplicable. A hearing was held on December 22, 2015. On January 12, 2016, the trial court overruled Lausin's motion to withdraw his guilty pleas but vacated his sentence on the grounds that it was illegal and void.

**{¶6}** A resentencing hearing was held on January 22, 2016. On February 3, 2016, the trial court sentenced Lausin to a mandatory prison term of six years on count one, a mandatory prison term of three years on count two, and six months on count three, to be served concurrently.[2] The court notified Lausin regarding post-release control. Lausin received jail time credit for time already served.[3]

**{¶7}** The state filed a timely appeal and asserts the following assignment of error:

---

1. *Ware* originated from this court's decision in *State v. Ware*, 11th Dist. Portage No. 2013-P-0011, 2013-Ohio-5833.

2. The six-month jail term on count three, driving while under the influence of alcohol, is not at issue in this appeal.

3. As Lausin's total resentencing consisted of six years and he had already served in excess of seven years, he was released from prison.

3

{¶8} "The trial court erred in finding that the sentence in this case was illegal by incorrectly determining that the Ohio Supreme Court's ruling in *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, rendered the sentence imposed in appellee Lausin's case illegal or void."

{¶9} In its sole assignment of error, the state argues the trial court erred in finding that Lausin's 2008 hybrid sentence was illegal and void based upon the Ohio Supreme Court's decision in *Ware*. The state also contends that *Ware* does not apply retroactively to Lausin's case.

{¶10} "R.C. 2953.08(G) and the clear and convincing standard should be applied to determine whether a felony sentence is contrary to law." *State v. Ernest*, 11th Dist. Lake No. 2014-L-108, 2015-Ohio-2983, ¶60.

{¶11} At issue in this appeal are Lausin's sentences on count one, aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a), and count two, aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a). As stated, in its November 17, 2008 judgment of conviction, the trial court indicated:

{¶12} "1. For Aggravated Vehicular Homicide, in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree as charged in count one of the indictment:

{¶13} "a) A prison term of six (6) years in a state penal institution with three (3) years being mandatory. * * *

{¶14} "* * *

4

**{¶15}** "2. For Aggravated Vehicular Assault, in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree as charged in count two of the indictment:

**{¶16}** "a) A prison term of three (3) years in a state penal institution with one (1) year being mandatory. * * *"

**{¶17}** Thus, following Lausin's guilty plea, the trial court imposed a hybrid sentence consisting of consecutive mandatory and non-mandatory terms of imprisonment on counts one and two in its original 2008 entry. Again, in 2015, Lausin filed his motion to withdraw and/or vacate. Following a hearing, on January 12, 2016, the trial court overruled Lausin's motion to withdraw his guilty pleas but vacated his sentence on the grounds that it was illegal and void pursuant to the Ohio Supreme Court's decision in *Ware.* Following a resentencing hearing, on February 3, 2016, the court sentenced Lausin to a mandatory prison term of six years on count one, and a mandatory prison term of three years on count two, to be served concurrently. As Lausin had already served in excess of seven years, he was released from prison.

**{¶18}** We are called upon to determine whether Lausin's original hybrid sentence was void pursuant to *Ware* and whether *Ware* applies retroactively to Lausin's case.

**{¶19}** On November 26, 2014, the Ohio Supreme Court decided *Ware.* In that case, the appellant pleaded guilty to two counts of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2). *Ware*, 2014-Ohio-5201, at ¶2. One count was a second-degree felony and the other count was a fourth-degree felony. *Id.* Regarding the appellant's second-degree felony, the Court stated:

{¶20} "No sentencing statute allows a court to divide a singular 'mandatory prison term' into a hybrid of mandatory and discretionary *sub*-terms. R.C. 2925.03(C)(4)(e) unambiguously requires a unitary 'prison term' that is 'mandatory,' and R.C. 2929.13(F)(5) instructs that a court 'shall not reduce' that term through judicial release. To override these legislative commands would require judicial improvisation in a legal system in which '(c)rimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.' *Colegrove v. Burns*, 175 Ohio St. 437, 438 * * * (1964)." (Parallel citation omitted.) *Id.* at ¶17.

{¶21} Like *Ware*, the case at bar also involves a second-degree felony. Again, Lausin pleaded guilty to aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(1)(a). That statute provides:

{¶22} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

{¶23} "(1)

{¶24} "(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;

{¶25} "* * *

{¶26} "(B)

{¶27} "(1) Whoever violates division (A)(1) or (2) of this section is guilty of aggravated vehicular homicide and shall be punished as provided in divisions (B)(2) and (3) of this section.

{¶28} "(2)

{¶29} "(a) Except as otherwise provided in division (B)(2)(b) or (c) of this section, aggravated vehicular homicide committed in violation of division (A)(1) of this section is a felony of the second degree and the court *shall impose a mandatory prison term* on the offender as described in division (E) of this section." (Emphasis added.)

{¶30} In addition, the case at bar also involves a third-degree felony. Again, Lausin pleaded guilty to aggravated vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(1)(a). That statute provides:

{¶31} "(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:

{¶32} "(1)

{¶33} "(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;

{¶34} "* * *

{¶35} "(B)

{¶36} "(1) Whoever violates division (A)(1) of this section is guilty of aggravated vehicular assault. Except as otherwise provided in this division, aggravated vehicular assault is a felony of the third degree. * * *

7

**{¶37}** "* * *

**{¶38}** "(D)

**{¶39}** "(1) The court *shall impose a mandatory prison term* on an offender who is convicted of or pleads guilty to a violation of division (A)(1) of this section." (Emphasis added.)

**{¶40}** Accordingly, the trial court erred in its original 2008 sentencing entry by dividing singular mandatory prison terms into a hybrid of mandatory and discretionary sub-terms, contrary to statutory provisions. *Ware, supra,* at ¶17; *Colegrove, supra,* at 438; R.C. 2903.06(A)(1)(a) and (B)(1) and (2)(a); R.C. 2903.08(A)(1)(a) and (B)(1) and (D)(1). The court properly corrected its error and re-sentenced Lausin in 2016.

**{¶41}** Our Fourth District colleagues were recently faced with a similar matter in *State v. Whitfield*, 4th Dist. Scioto No. 14CA3615, 2015-Ohio-4139, decided on September 28, 2015. In that case, the appellant pleaded guilty to a first-degree felony. *Id.* at ¶3, 10. On October 11, 2013, the trial court's sentence included both mandatory and non-mandatory components. *Id.* at ¶9. The Fourth District stated:

**{¶42}** "The offense to which appellant pled guilty is a first degree felony. R.C. 2925.03(C)(1)(e) provides that whatever prison term is selected for a first degree felony, the term is a mandatory sentence. R.C. 2929.14(A)(1) allows a trial court to impose sentences for a first degree felony in a range from three to eleven years. In the case sub judice, the trial court imposed a nine year sentence. However, we find nothing in the statutes (nor does the State cite any case authority) to allow for a 'hybrid' sentence (part mandatory and non-mandatory). The Ohio Supreme Court recently addressed this

type of sentence, albeit for a second degree felony rather than a first degree, in *State v. Ware*, 141 Ohio St.3d 160, * * *, 2014-Ohio-5201 and concluded:

**{¶43}** "* * *

**{¶44}** "'<u>No sentencing statute allows a court to divide a singular "mandatory prison term" into a hybrid of mandatory and discretionary sub-terms.</u>'" (Emphasis sic.) *Id.* at ¶10.

**{¶45}** In this case, the state argues that Lausin's original hybrid sentence was not void. We disagree.

**{¶46}** Although *Ware* does not explicitly hold that a hybrid sentence is void, the original sentencing entry in that case, unlike in the instant matter, did not purport to impose a hybrid sentence. Rather, the trial court in *Ware* never suggested that it wanted to impose a hybrid sentence until years later when it entered a nunc pro tunc entry to that effect. *Ware* recognized this as an invalid nunc pro tunc holding:

**{¶47}** "The trial court never imposed or purported to impose a hybrid sentence at the sentencing hearing or in its sentencing entry, and it did not announce a subjective intent to do so until the 2013 status hearing—years after it sentenced Ware and days after it entered the final judgment underlying this appeal. This hitherto unknown intent is inappropriate for a nunc pro tunc entry. * * * Regardless, such a hybrid sentence would have been legally impossible. No sentencing statute allows a court to divide a singular 'mandatory prison term' into a hybrid of mandatory and discretionary *sub*-terms." *Ware, supra,* at ¶16-17.

**{¶48}** *Ware's* condemnation of a properly-journalized hybrid sentence as "legally impossible" essentially reveals that a sentence outside of statutory parameters is void.

*See Colegrove, supra,* at 438. In 1984, the Ohio Supreme Court decided *State v. Beasley*, 14 Ohio St.3d 74 (1984).[4] In *Beasley*, the Court held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Id.* at 75. Thus, as the trial court originally sentenced Lausin to an illegal hybrid sentence that combined mandatory and non-mandatory terms of imprisonment, outside of statutory parameters, that sentence is void. *Id.*; *see also State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, ¶14 (an offender's sentence that does not comply with statutory requirements is contrary to law and void.)

{¶49} The state also argues that the law in *Ware* should not apply retroactively to Lausin's case. We disagree with the state's assertion and logic.

{¶50} Lausin was originally sentenced in 2008. Beginning in at least 1984, the Ohio Supreme Court has held that a sentence outside of statutory parameters is void. *See Beasley, supra,* at 75. In 2014, the Ohio Supreme Court in *Ware* merely interpreted an existing statute and determined that hybrid sentences have always been illegal. The state's prospective-retrospective application assertion is misplaced because a sentence outside of statutory parameters is a nullity and cannot remain since it never validly existed nor could it in the future. In addition, we note that in 2015, our sister court, the Fourth District, applied *Ware* to an appellant's 2013 sentence. *Whitfield, supra.*

---

4. *Beasley* was superseded by statute on other grounds, post-release control, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. *See State v. Antol*, 7th Dist. Mahoning No. 12 MA 211, 2013-Ohio-5640, ¶18.

{¶51} For the forgoing reasons, the state's sole assignment of error is not well-taken. The judgments of the Geauga County Court of Common Pleas are affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.