[Cite as *State v. Walters*, 2016-Ohio-5783.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 15CA1009 |
| v. | : | |
| WILLIAM M. WALTERS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 09/07/2016 |

APPEARANCES:

Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Ohio Public Defender, Columbus, Ohio, for defendant-appellant William M. Walters.

David Kelley, Adams County Prosecuting Attorney, and Mark R. Weaver, Adams County Assistant Prosecuting Attorney, West Union, Ohio, for plaintiff-appellee State of Ohio.

Hoover, J.

{¶1}    This is an appeal from a judgment of conviction and sentence entered by the Adams County Court of Common Pleas following the entry of a guilty plea by William M. Walters ("Walters"), appellant herein, to one count of sexual battery. On appeal, Walters first contends that his guilty plea was not knowingly, voluntarily, and intelligently made because the trial court failed to explain the maximum potential sentence. Specifically, Walters argues that the trial court failed to adequately inform him prior to his guilty plea that the entirety of any imposed prison sentence was mandatory time, and that he would not be eligible for judicial release. We disagree. Crim.R. 11(C)(2)(a) only requires that the trial court address the defendant to ensure the defendant understands the maximum possible penalty. Here, the trial court informed Walters of the maximum prison sentence and asked Walters if he understood that any imposed prison

sentence would be mandatory, and Walters stated that he did. Because the trial court confirmed that Walters understood the maximum penalty before accepting his guilty plea, the trial court substantially complied with Crim.R. 11(C)(2)(a).

{¶2}     Next, Walters contends that the trial court imposed an unlawful, "hybrid" sentence. Because Walters did not object to the imposition of the sentence at the sentencing hearing, he waived all but plain error. Nonetheless, we believe that Walters has established plain error. The sentencing entry contains contradictory language suggesting the imposition of a prison term containing mandatory and discretionary sub-terms. Such a sentence is not authorized by law, is contrary to law, and constitutes plain error.

{¶3}     Accordingly, we affirm the judgment in part, reverse the judgment in part, and remand for resentencing.

## I. Facts and Procedural History

{¶4}     Walters was charged with one count of sexual battery in violation of R.C. 2907.03(A)(5) pursuant to a bill of information filed on September 25, 2014. The bill of information also contained a specification alleging that the victim was less than 13 years old at the time of the offense making the offense a felony of the second degree and subjecting Walters to a mandatory prison term. A supplemental indictment was filed on October 23, 2014, charging Walters with one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. Although Walters initially pled not guilty to the charges, he later agreed to plead guilty to the sexual battery offense. The rape charged was dismissed as a result of the plea agreement.

{¶5}     At the March 16, 2015 change of plea hearing, the trial court endeavored to ascertain if Walters understood his rights. The trial court then accepted Walters' guilty plea, found him guilty of the sexual battery offense and specification, and ordered that sentencing be

held at a later date. On March 27, 2015, Walters filed a motion to withdraw his guilty plea

arguing that he only pled guilty out of fear and panic that he could receive a life term if he

proceeded to jury trial and was found guilty of both counts, and that he and the alleged victim

did not reside in Adams County during the time of the alleged offenses. The trial court denied the

motion to withdraw guilty plea after a hearing on the matter. Ultimately, the sentencing hearing

was held on July 2, 2015, and Walters was ordered to serve "a stated prison term of seven years

in the Ohio Department of Rehabilitations and Corrections * * *again, there's- uh, the seven year

sentence is mandatory, uh, the two years is minimum mandatory". Likewise, the sentencing entry

states that Walters must "serve a mandatory stated prison term of Seven (7) years, in the Ohio

Department of Rehabilitation and Corrections, with minimum mandatory Two (2) years."

Walters was also classified as a Tier III sex offender, and ordered to pay fines and costs. This

appeal followed.

## II. Assignments of Error

{¶6}    Walters assigns the following errors for our review:

Assignment of Error I:

> William M. Walters was deprived of his right to due process under the Fourteenth
> Amendment to the United States Constitution and Article I, Section 10 of the
> Ohio Constitution when the trial court accepted an unknowing, unintelligent, and
> involuntary guilty plea. (March 17, 2015 Plea of Guilty; July 2, 2015 Sentencing
> Entry; August 12, 2015 Sentencing Tr. p. 6, 12, and 33).

Assignment of Error II:

> William M. Walters was deprived of his right to due process under the Fourteenth
> Amendment to the United States Constitution and Article I, Section 10 of the
> Ohio Constitution when the trial court exceeded its authority and imposed an
> illegal, hybrid sentence for an offense that was subject to a mandatory sentence.
> (July 2, 2015 Sentencing Entry).

## III. Law and Analysis

## A. Validity of Guilty Plea

{¶7}     In his first assignment of error, Walters contends that his guilty plea was not knowing, voluntary, and intelligent because the trial court failed to inform him of the maximum potential sentence. In particular, Walters argues that the trial court failed to explain that the entire sentence would be mandatory, and that he would not be eligible for judicial release.

{¶8}     In deciding whether to accept a guilty plea, the trial court must determine whether the plea was made knowingly, intelligently, and voluntarily. *State v. McDaniel,* 4th Dist. Vinton No. 09CA677, 2010–Ohio–5215, ¶ 8. The failure to satisfy any one of these requirements renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution. *See State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 7; *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). " 'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.' " *State v. Leonhart,* 4th Dist. Washington No. 13CA38, 2014–Ohio–5601, ¶ 36, quoting *State v. Moore,* 4th Dist. Adams No. 13CA965, 2014–Ohio–3024, ¶ 13. "In other words, appellate courts will conduct their own, independent review of the record without any deference to the trial court." *State v. Johnson*, 4th Dist. Scioto No. 14CA3612, 2016-Ohio-1070, ¶ 5.

{¶9}     "Before accepting a guilty plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C)." *McDaniel* at ¶ 8, citing *State v. Morrison,* 4th Dist. Adams No. 07CA854, 2008–Ohio–4913, ¶ 9.  The trial court must address the defendant

personally and determine that "the defendant is making the plea voluntarily, with understanding

of the nature of the charges and of the maximum penalty involved, and if applicable, that the

defendant is not eligible for probation or for the imposition of community control sanctions at

the sentencing hearing." Crim.R. 11(C)(2)(a). The trial court must also inform the defendant of

other matters under Crim.R. 11(C)(2)(b) and (c).

{¶10}   When this rule concerns the waiver of constitutional rights, strict compliance is

mandatory. *Johnson* at ¶ 10. However, " '[s]ubstantial compliance with the provisions of

Crim.R. 11(C)(2)(a) and (b) is sufficient to establish a valid plea.' " *McDaniel* at ¶ 13, quoting

*State v. Vinson,* 10th Dist. Franklin No. 08AP–903, 2009–Ohio–3240, ¶ 6. " 'Substantial

compliance means that, under the totality of the circumstances, appellant subjectively understood

the implications of his plea and the rights he waived.' " *Id.*

{¶11}   As the Ohio Supreme Court explained in *State v. Clark,* 119 Ohio St.3d 239,

2008–Ohio–3748, 893 N.E.2d 462, ¶ 32:

> When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a
>
> nonconstitutional right, reviewing courts must determine whether the trial court
>
> *partially* complied or *failed* to comply with the rule. If the trial judge partially
>
> complied, e.g., by mentioning mandatory postrelease control without explaining
>
> it, the plea may be vacated only if the defendant demonstrates a prejudicial effect.
>
> The test for prejudice is "whether the plea would have otherwise been made." If
>
> the trial judge completely failed to comply with the rule, e.g., by not informing
>
> the defendant of a mandatory period of postrelease control, the plea must be
>
> vacated. "A complete failure to comply with the rule does not implicate an
>
> analysis of prejudice."

(Emphasis sic.) (Citations omitted.)

{¶12} Walters contends that his plea was invalid because the trial court failed to substantially comply with the requirement that the trial court inform the accused of the maximum potential penalty for his offenses under Crim.R. 11(C)(2)(a). Specifically, Walters argues that the trial court failed to inform him that any prison sentence he would receive would be a mandatory sentence under R.C. 2907.03(B)[1] and that he would be ineligible for judicial release.

{¶13} " 'When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions.' " *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 14, quoting State *v. Balidbid,* 2d Dist. Montgomery No. 24511, 2012–Ohio–1406, ¶ 10; *see also State v. Givens,* 12th Dist. Butler No. CA2014–02–047, 2015–Ohio–361, ¶¶ 15–16 (trial court's failure to advise defendant that guilty plea to robbery charge carried a mandatory prison term that rendered him ineligible for community control rendered the plea invalid so as to require reversal of the conviction and sentence); *State v. Smith,* 5th Dist. Licking No. 13–CA–44, 2014–Ohio–2990, ¶¶ 11–12 (trial court's failure to notify defendant that guilty plea to rape charges of the amount of mandatory prison time and the time during which he would be ineligible for community control resulted in invalid plea that required reversal); *State v. Rand,* 10th Dist. Franklin No. 03AP–745, 2004–Ohio–5838, ¶ 23 (trial court committed reversible error when it accepted defendant's guilty plea because it misinformed him that his sentence was not mandatory); *State v. Ruby,* 4th Dist.

---

[1] R.C. 2907.03(B) provides that: "If the other person is less than thirteen years of age, sexual battery is a felony of the second degree, and the court shall impose upon the offender a mandatory prison term equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the second degree."

Adams No. 03CA780, 2004–Ohio–3708, ¶ 10, quoting *State v. Floyd,* 4th Dist. Scioto No. 92CA2102, 1993 WL 415287, *6 (Oct. 13, 1993) (" 'The prejudice to a defendant is apparent when the court informs him/her that he/she is eligible for probation although it is actually unavailable. In such case, a defendant might be coerced into pleading guilty because of the possibility of probation.' ").

{¶14}  At the change of plea hearing in this case, the trial court addressed Walters as follows:

> COURT: Alright.
>
> Mr. Walters, did you understand the stated results of the plea negotiations, you would plead to Count I, Count II would be dismissed? And you understood, uh, the maximum and *mandatory* penalties, is that correct?
>
> MR. WALTERS: Yes, sir.

(Emphasis added.) Later in the change of plea hearing, this exchange took place:

> COURT: Now Mr. Walters, if you do enter a plea of guilty to this offense, you should understand that at the time of sentencing you're facing a maximum penalty of eight years in prison, and Fifteen Thousand Dollars in fines. Do you understand that?
>
> MR. WALTERS: Yes, sir.
>
> COURT: There are mandatory penalties, Mr. Walters, that are associated with conviction for this particular offense. When I use the term mandatory, do you understand what I mean by that?

MR. WALTERS: Yes, sir.

COURT: What do you believe mandatory to mean?

MR. WALTERS: You got to complete that (inaudible). I mean, mandatory means you have to do that time day for day.

COURT: Correct.

You understand that there is a mandatory prison sentence, and the minimum mandatory prison sentence is two years?

MR. WALTERS: Yes, sir.

The trial court also declined to address the issue of community control, given the mandatory prison sentence, noting as follows:

COURT: Now counselors, because community control is not an option to the Court at the time of sentencing, due to a mandatory prison sentence, the Court does not intend to review community control. Uh, does the State have any objection?

PROS ATTY KELLEY: No, Your Honor.

COURT: Uh-

ATTY DRINNON: No objection, Your Honor.

The trial court then again addressed the maximum sentence noting as follows:

COURT: Now Mr. Walters, uh, this is a free to argue plea agreement. Meaning that uh, the minimum sentence will be two years, the maximum sentence will be eight years, and Fifteen Thousand Dollars in fines, the mandatory and automatic it would be a Tier III Registered Sex Offender.

The trial court went on to discuss the plea of guilty entry form signed by Walters. In particular, the following exchange occurred:

COURT: * * * Mr. Walters, Mr. Kelley, on behalf of the Court, is going to provide to you and your counsel a copy of the—the original of the plea of guilty. You're going to see on this document now uh, certain areas where the Court has initialed in blue ink, uh circled—it should stand out to you – certain areas that are emphasized and/or modified. I'll need your initials by the Court's acknowledging your understanding of the same, and eventually your signature to the written plea of guilty, please.

Mr. Walters, you've now signed your written plea of guilty to the offense of Sexual Battery, with a specification that the victim was less than thirteen years of age at the time of commission of the offense, a Felony of the Second Degree. * * *

The plea of guilty entry form again enumerated that the maximum sentence was eight years imprisonment. The trial court had circled a portion of the form indicating that a prison term was mandatory, and had also handwritten in the words "minimum mandatory Two (2) years."

{¶15}  Here, after reviewing the transcript from the change of plea hearing, we believe that the trial court substantially complied with Crim.R. 11(C)(2)(a) in advising Walters of the

maximum penalty associated with the charge to which he entered his guilty plea. Walters verbally acknowledged that he understood the mandatory nature of the penalties, even providing a definition of the term "mandatory". In particular, Walters acknowledged to the trial judge in open court that he understood the maximum penalty to be eight years in prison, and that any sentence would be mandatory. Walters also signed the guilty plea entry form acknowledging that he understood the maximum sentence.

{¶16}   Walters argues that the trial judge's handwritten note on the guilty plea entry form, indicating "minimum mandatory Two (2) years", misled him as to the maximum sentence for the offense. Specifically, he argues that he was led to believe that only two years of his sentence would be mandatory, when in reality, the entire sentence is mandatory. However, there is no evidence that Walters actually relied upon the guilty plea entry form when he entered his guilty plea. If Walters did not rely upon the guilty plea entry form, then he cannot claim that the language in that entry caused his plea to be less than knowing, intelligent, and voluntary. The guilty plea entry form was not acknowledged by Walters until near the end of the change of plea hearing. By that point in time the trial court had already concluded its colloquy with Walters, and Walters had acknowledged his understanding of the maximum and mandatory nature of the sentence. We further note that in addition to the contested language, the guilty plea entry form also clearly sets out the sentencing range for the offense of sexual battery as charged, and indicates that a prison term is mandatory.

{¶17}   Finally, we have previously held that failure of the trial court to explain defendant's eligibility for judicial release does not violate a defendant's Crim.R. 11 rights. *See State v. Bryant*, 4th Dist. Meigs No. 11CA19, 2012-Ohio-3189, ¶ 7.

{¶18}  In sum, knowledge of the maximum penalties is a non-constitutional right and the trial court substantially complied with Crim.R. 11(C)(2)(a) by advising Walters as to the maximum penalties and mandatory nature of the penalties. Accordingly, we overrule Walters' first assignment of error.

**B. Validity of Sentence**

{¶19}  In his second assignment of error, Walters contends that the trial court erred by imposing a "hybrid" sentence, which consists of both mandatory and discretionary prison time.

{¶20}  When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Brewer,* 2014–Ohio–1903, 11 N.E.3d 317, ¶ 33 (4th Dist.) ("we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "). R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

{¶21}  Walters pled guilty to sexual battery in violation of R.C. 2907.03(A)(5) with the specification that the victim was less than thirteen years of age, a second-degree felony. R.C. 2907.03(B) provides the sentence for this offense and states that "the court shall impose upon the offender a mandatory prison term equal to one of the prison terms prescribed in section 2929.14 of the Revised Code for a felony of the second degree." R.C. 2929.14, which governs basic prison terms, provides that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Therefore, whatever prison term the court imposes

pursuant to R.C. 2929.14 for second-degree felony sexual battery offenses in violation of R.C. 2907.03(A)(5)/(B) is a mandatory term.

{¶22}  Walters failed to object to the imposition of the sentence at the sentencing hearing and forfeited this issue, absent plain error. Crim.R. 52(B). For a reviewing court to find plain error: (1) there must be an error, i.e., "a deviation from a legal rule"; (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "[T]he burden of demonstrating plain error is on the party asserting it." *State v. Davis,* 116 Ohio St.3d 404, 2008–Ohio–2, 880 N.E.2d 21, ¶ 378. "We take notice of plain error with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Merryman,* 4th Dist. Athens No. 12CA28, 2013–Ohio–4810, ¶ 49.

{¶23}  In *State v. Ware,* 141 Ohio St.3d 160, 2014–Ohio–5201, 22 N.E.3d 1082, ¶ 10, the Ohio Supreme Court was faced with the certified question: "When the imposition of a mandatory prison term is statutorily-mandated for a specific felony offense, is the trial court permitted to impose a total prison term within the maximum allowed, only a portion of which is mandatory under the statute?" The Court held that trial courts have no authority to divide a singular "mandatory prison term" into "a hybrid of mandatory and discretionary sub-terms." *Ware* at ¶ 17 ("No sentencing statute allows a court to divide a singular 'mandatory prison term' into a hybrid of mandatory and discretionary sub-terms.").

{¶24}  Reading R.C. 2907.03 and *Ware* together, the entire prison term was required to be mandatory. The only discretion the trial court had when sentencing Walters was how many years that mandatory prison term would be. The sentencing entry imposed "a mandatory stated

prison term of seven (7) years, in the Ohio Department of Rehabilitation and Corrections, with minimum mandatory Two (2) years." While the trial court's intent is not entirely clear, the imposed sentence suggests a hybrid of mandatory and discretionary sub-terms. Thus, based on R.C. 2907.03 and *Ware*, we find the trial court's imposition of a hybrid sentence was not authorized by law and was contrary to law. Additionally, we find that Walters' sentence clearly deviates from a legal rule; and the error is obvious from reviewing the record.

{¶25}   As far as whether the error affected Walters' substantial rights, "[t]he Supreme Court of Ohio has declared, '[j]udges have no inherent power to create sentences * * * [and lack] the authority to impose a sentence that is contrary to law.' " *State v. Clay,* 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 76, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶¶ 22–23. "[J]udges are duty-bound to apply sentencing laws as they are written." *Fischer* at ¶ 22. We find that since the trial court imposed a sentence that is contrary to law and not authorized by law, the sentencing error did affect Walters' substantial rights. *Accord State v. Wharton*, 2015-Ohio-5026, 53 N.E.3d 758, ¶ 34 (4th Dist.).

{¶26}   Based on the foregoing, we find that the trial court committed plain error by sentencing Walters to a hybrid prison sentence. Accordingly, we sustain Walters' second assignment of error and remand the matter for resentencing in accordance with this opinion.[2]

## IV. Conclusion

---

[2] Walters cites our decision in *State v. Whitfield*, 4th Dist. Scioto No. 14CA3615, 2015-Ohio-4139, ¶ 14, and argues that the correct remedy is to vacate his guilty plea. However, *Whitfield* is distinguishable from the case sub judice. *Whitfield* involved an appeal from a denial of a post-sentence motion to withdraw a guilty plea. *Id*. at ¶ 7. In that case we were not provided a transcript of the plea hearing, but concluded that imposition of an *agreed* hybrid sentence was such an egregious error that the appellant must not have been properly instructed on the maximum penalties involved. *Id*. at ¶¶ 9, 12-13. In contrast, in the case sub judice, we have had the benefit of reviewing the plea hearing transcript and have concluded that the trial court substantially complied with Crim.R. 11. We believe this case to be more analogous to *State v. Clark*, 10th Dist. Franklin No. 14AP-697, 2015-Ohio-1239, which involved an appeal of a hybrid sentence. Like here, the court in *Clark* determined the hybrid sentence to be improper and that the proper remedy was to remand for resentencing. *Id*. at ¶¶ 5-8.

{¶27}  Having overruled Walters' first assignment of error, we affirm his conviction;

however, having sustained his second assignment of error, we reverse his sentence and remand

for resentencing.

                                          JUDGMENT AFFIRMED IN PART,
                                                  REVERSED IN PART,
                                          AND CAUSE REMANDED.


Harsha, J., concurring in part and dissenting in part.

{¶28}  I respectfully dissent from that part of the judgment and opinion sustaining

Walters's second assignment of error, which asserts that the trial court erred by imposing a

hybrid sentence, i.e., both mandatory and discretionary prison time.  By not raising this objection

below, Walters forfeited all but plain error.  *State v. Black*, 4th Dist. Ross No. 12CA3327, 2013–

Ohio–2105, ¶ 20–21 appeal not allowed, 136 Ohio St.3d 1558, 2013–Ohio–4861, 996 N.E.2d

985, ¶ 20–21 (2013); *State v. Garvin*, 197 Ohio App.3d 453, 2011–Ohio–6617, 967 N.E.2d 1277,

¶ 51 (4th Dist.).

{¶29}  Under Crim.R. 52(B) we may notice plain errors or defects affecting substantial

rights. "Inherent in the rule are three limits placed on reviewing courts for correcting plain

error." *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 15. " 'First,

there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain.

To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the

trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have

interpreted this aspect of the rule to mean that the trial court's error must have affected the

outcome of the trial.' " *Id*. at ¶ 16, 873 N.E.2d 306, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27,

759 N.E.2d 1240 (2002). We will notice plain error "only to prevent a manifest miscarriage of

justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

"Reversal is warranted only if the outcome of the trial clearly would have been different absent

the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). In our context the word

"trial" should be construed to mean the outcome of the "proceeding".

{¶30} I would not exercise our discretion to invoke the plain-error doctrine for three

reasons.

{¶31} First, I am not persuaded that a manifest miscarriage of justice has occurred. The

trial court expressly indicated that it was sentencing Walters to a "mandatory stated prison term

of seven (7) years."

{¶32} Second, Walters does not invoke the plain-error doctrine in his appellate briefs.

*See State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, citing *State v.*

*Quarterman*, 140 Ohio St.3d 464, 2014–Ohio–4034, 19 N.E.3d 900, ¶ 17–20 (appellate court

need not consider plain error where appellant fails to timely raise plain-error claim).

{¶33} Third, it is questionable whether the trial court imposed a hybrid sentence. The

court pronounced that all potential sentences were mandatory and it was imposing a mandatory

prison term of seven years from the statutory range of 8 to 12 years. The additional language

referencing a "minimum mandatory" of two years was mere surplusage; it addressed the

statutory minimum sentence, which was also a mandatory sentence. It did not modify the

mandatory nature of the entire term. Although this surplusage was indeed "inartful" as the state

concedes, at no point at the hearing or in its sentencing entry did the trial court indicate that any

part of its sentence was discretionary. Like the trial court's sentencing entry in *Ware*, 141 Ohio

St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, at ¶ 14, the trial court did not impose a

discretionary component in its sentence nor could it. And although Walters cites our decision in

*Whitfield*, 4th Dist. Scioto No. 14CA3615, 2015-Ohio-4139, in support of his second assignment

of error, that case is distinguishable because the sentencing entry in that case expressly mandated

that the sentence was for "nine (9) years, in which six (6) years is mandatory." *Id.* at ¶ 9.  There

was no manifest imposition of a discretionary component to Walters's sentence here.

{¶34}  Consequently, I dissent from the judgment sustaining the second assignment of

error and reversing the judgment of the trial court.[3]  I concur in the remainder of the judgment

and opinion overruling Walters's first assignment of error.

---

[3] As my colleague Judge Abele has often correctly noted, felony sentencing has become an exercise akin to solving
Rubik's cube. One website proclaims to solve that puzzle "you only have to learn six algorithms." Our sentencing
puzzle should be so simple.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED for further proceedings consistent with this opinion. Appellant and appellee shall split the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Part and Dissents in Part with Opinion.


For the Court


BY: _____
        Marie Hoover, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**