[Cite as *State v. Collier*, 2021-Ohio-3203.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110225 |
| v. | : | |
| SHARON COLLIER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 16, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626420-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brandon A. Piteo, *for appellee*.

Flannery | Georgalis, L.L.C., and Paul N. Flannery;
Robinson Law Firm L.L.C., and Emmett E. Robinson, *for
appellant*.

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant, Sharon Collier, appeals the trial court's denial

of her motion for judicial release. She raises two assignments of error for our review:

1. The state breached its agreement with [Collier] by urging the trial court, in defiance of that agreement, to add a condition to [Collier's] sentence barring her from eligibility from judicial release.

2. The trial court's de facto modification of [Collier's] sentence from an agreed three-year term to a mandatory three-year term was contrary to law.

{¶ 2} After review, we find merit to Collier's first assignment of error and reverse and remand to the trial court to hold a new hearing on Collier's motion for judicial release.

## I. Procedural History and Factual Background

{¶ 3} In March 2018, Collier and her codefendants were named in a 91-count indictment in Cuyahoga C.P. No. CR-18-626420. Collier was charged with one count of aggravated theft; one count of telecommunications fraud; 32 counts of forgery; and 54 counts of money laundering. The indictment stemmed from allegations that, over a three-year period, Collier made unauthorized withdrawals from company accounts while working as an office manager for Taylored Construction Services.

{¶ 4} In April 2019, Collier accepted the negotiated terms of a plea agreement with the state. At the onset of the plea hearing, the state set forth the terms of the proposed plea agreement, expressing that Collier intended to plead guilty to one count of aggravated theft, seven counts of forgery, and two counts of money laundering. The remaining counts against Collier would be nolled. The state expressed that Collier would be required to pay restitution in the amount of

$210,000. However, the state further indicated that "no threats or promises [were] made to [Collier] concerning any type of sentence."

{¶ 5} Collier ultimately pleaded guilty to aggravated theft in violation of R.C. 2913.02(A)(3), as charged in Count 1 of the indictment; seven counts of forgery in violation of R.C. 2913.21(A)(1), as charged in Counts 6-12 of the indictment; and two counts of money laundering in violation of R.C. 1315.55(A)(1), as charged in Counts 38 and 40 of the indictment. The remaining counts were nolled. The trial court accepted Collier's guilty pleas and referred her to the county probation department for a presentence-investigation report.

{¶ 6} In June 2019, the trial court sentenced Collier to 36 months in prison on the aggravated theft offense, 36 months in prison on each money laundering offense, and 12 months in prison on each forgery offense. The trial court ordered that the prison terms on the forgery offenses would run concurrently with each other, and concurrently with the prison term imposed on the aggravated theft offense. It further ordered that the prison terms imposed on the money laundering offenses would run concurrently to each other, but consecutive to the prison term imposed on the aggravated theft offense, for a total prison term of 72 months. Additionally, the trial court ordered restitution to the victim in the amount of $210,000.

{¶ 7} Collier appealed, raising four assignments of error. *See State v. Collier*, 8th Dist. Cuyahoga No. 108687, 2020-Ohio-3033. She argued that (1) the state violated the terms of the plea agreement, (2) the trial court failed to make the

proper consecutive sentence findings, (3) the trial court committed plain error when it did not merge Collier's aggravated theft and money laundering offenses, and her counsel was ineffective for not arguing that they were allied offenses, and (4) the record did not support her sentence.

{¶ 8} This court found merit to Collier's third assignment of error and reversed and remanded for resentencing, instructing the trial court to consider whether consecutive sentences were appropriate and, if so, to make all of the required findings on the record and incorporate those findings into its sentencing journal entry. *Id.* at ¶ 2.

{¶ 9} In September 2020, the trial court held a resentencing hearing upon remand. Collier informed the court that she and her sister-in-law (a codefendant in the case) had paid the victim approximately half of the original $210,000 in restitution. The trial court specifically asked defense counsel and the state if they had agreed to a specific sentence. Defense counsel and the state both responded that they had agreed and informed the court that they were jointly agreeing to a concurrent sentence of three years in prison with credit for time served. The state informed the court that the victims had agreed to the three-year sentence. The trial court noted that the sentencing ranges for each offense would remain the same and imposed the jointly agreed upon sentence of three years with credit for time served. But in the sentencing entry, the trial court did not mention that the sentence was an agreed sentence or that Collier was entitled to credit for time served.

{¶ 10} Collier subsequently filed an "unopposed motion for jail-time credit," asking the court to award her 450 days of jail-time credit, 12 days in the Cuyahoga County jail, and 438 days in the Ohio Reformatory for Women. In the motion, defense counsel informed the court that he had contacted the prosecutor who agreed "with the total number of days of jail-time credit and [had] no objection" to the request.

{¶ 11} The sentencing judge issued an order transferring Collier's case to the administrative judge for reassignment. The order was electronically dated November 24, 2020. But the sentencing judge did not sign it until December 1, 2020, and it was not filed until December 2, 2020.

{¶ 12} On November 30, 2020, the administrative judge issued an order stating that Collier's case was originally assigned to the sentencing judge but that "the defendant was found eligible for the re-entry court ["REEC"] docket." Therefore, the administrative judge transferred Collier's case to the REEC docket and reassigned the case to another judge (the "REEC judge").

{¶ 13} The REEC judge issued an order that same day, November 30, stating that Collier was accepted to REEC based on the decision of the "sentencing judge." The REEC judge further noted that once it "processed the application and accepted the defendant, questions about transfer should be directed to the defendant's sentencing judge." The REEC judge issued a second judgment that same day, ordering the sheriff to transport Collier to the Cuyahoga County jail from the Ohio

Reformatory for Women "for a REEC/judicial release hearing" that the REEC judge stated in the order would be December 14, 2020.

{¶ 14} On December 2, 2020, Collier filed a motion for judicial release. In her motion, Collier stated that she was serving "a non-mandatory thirty-six[-] month term in prison" for nonviolent offenses and that she was eligible for judicial release pursuant to R.C. 2929.20(C)(2). She further informed the court that she had served "529 days of incarceration of which only 180 days was required for a timely motion for release."

{¶ 15} On December 4, 2020, the state filed a motion for "reconsideration and hearing regarding the transfer of [Collier's] case" to REEC. According to the state's motion, it received an email from the REEC judge indicating that the case had been transferred and that a judicial-release hearing would be held on December 14, 2020. The REEC judge immediately denied the state's motion for reconsideration and hearing. The court stated: "This is an inappropriate pleading. The decision to accept into REEC is final[,] and the transfer has been effect[ed] by the sentencing judge. Should the [s]tate wish to oppose the motion for judicial release they are to do so at the hearing."

{¶ 16} On December 10, 2020, the REEC judge granted Collier's unopposed motion for jail-time credit in the amount of 450 days for time served in the Cuyahoga County jail and the Ohio Reformatory for Women.

{¶ 17} On December 11, 2020, the state filed a brief opposing Collier's motion for judicial release. The state also filed an objection to Collier's case being transferred to REEC.

{¶ 18} The REEC judge held the hearing on December 14, 2020, and subsequently denied Collier's motion for judicial release because it found that the state and Collier had entered into an agreed sentence, and, therefore, Collier was not eligible for judicial release.

{¶ 19} On January 5, 2021, the state filed a motion for the REEC judge to issue a nunc pro tunc, correcting Collier's jail-time credit to 12 days. According to the state, the Ohio Department of Rehabilitation and Correction and its Bureau of Sentencing Computation had already given Collier 438 days of credit for time served in the Ohio Reformatory for Women prior to her resentencing. The state informed the court that it had spoken to a representative of the Bureau of Sentencing Computation who confirmed that unless the trial court corrected the issue, Collier "would receive double-counting of the 438 days served in the Ohio Reformatory for Women prior to her resentencing." On January 8, 2021, Collier opposed the state's motion.

{¶ 20} Before the REEC judge could consider the state's motion and Collier's opposition, the state sought leave to appeal the trial court's December 10, 2020 judgment granting Collier 450 days of jail-time credit, and Collier appealed the trial court's December 14, 2020 judgment denying her motion for judicial release. It is

the December 14, 2020 judgement denying Collier's motion for judicial release that is at issue in this appeal.[1]

{¶ 21} We note that after Collier filed her notice of appeal, the state moved to dismiss the appeal for lack of final, appealable order. The state argued that a trial court's decision denying a motion for judicial release is not a final, appealable order. We denied the state's motion, finding that it was a final, appealable order based on *State v. Jimenez*, 9th Dist. Summit No. 24609, 2009-Ohio-4337, and *State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-2201, that both held that there is an exception to the general rule when the defendant argues that the state breached an agreement between the parties when it argued against judicial release. That is exactly what Collier is arguing here.

## II. Breach of Agreement

{¶ 22} In her first assignment of error, Collier argues that the state breached its sentencing agreement with her "when it advocated at the judicial-release hearing, and in its brief in preparation for that hearing, that a 'mandatory sentence' provision should be read into the agreement despite the fact that no such provision was ever placed upon the record or agreed to."

{¶ 23} A sentencing agreement "between the defendant and the state is akin to but not the same as a plea agreement." *State v. Butts*, 112 Ohio App.3d 683, 686,

---

[1] The state's appeal challenging the trial court's judgment granting 450 days of jail-time credit is a companion case to the present case. *See State v. Collier*, 8th Dist. Cuyahoga No. 110222.

679 N.E.2d 1170 (8th Dist.1996). In *Butts*, we explained that a sentencing agreement,

> like a plea agreement, is a valid contract with the state. In exchange for the reduced sentence resulting from the state dropping the aggravated felony specification, defendant waived, inter alia, the right to appeal his conviction. Ohio law has consistently recognized that a settlement agreement constitutes a binding contract between the two parties.

*Id.*, citing *Spercel v. Sterling Industries*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph one of the syllabus.

{¶ 24} Here, there is no question that the parties entered into a sentencing agreement of a concurrent three years in prison. Although the resentencing judge failed to state in the resentencing entry that the three-year sentence was an agreed sentence, the transcript of the resentencing hearing is clear. The resentencing judge specifically asked the parties if the sentence was an agreed-upon sentence, and both responded that it was. And although the REEC judge held an evidentiary hearing on whether Collier's sentence had been an agreed sentence, the REEC judge ultimately decided the issue based upon the transcript of the resentencing hearing before the criminal trial judge and not the testimony it heard at the evidentiary hearing.

{¶ 25} Collier contends that the terms of her agreement with the state were clear, namely, a three-year sentence, and that nothing in their agreement specified that she was not entitled to judicial release or that her sentence was mandatory. She maintains that the resentencing hearing establishes that her agreement with the state was limited to an agreement that she receive a concurrent three-year sentence.

She further maintains that the trial court accepted the parties' agreement and sentenced Collier to a concurrent sentence of three years in prison.

{¶ 26} The state claims that the sentencing agreement required Collier to spend the entire three years in prison. It claims if the agreed sentence did not guarantee that Collier would spend three full years in prison, there was no reason for the state to forego its argument that Collier should receive the original six years in prison. We disagree with this argument because as we already stated, the state receives the benefit of the bargain that Collier cannot then appeal her sentence.

{¶ 27} After review, we agree with Collier that the state breached the parties' sentencing agreement when it argued that she was ineligible for judicial release because she agreed to a mandatory sentence of three years in prison. The word "mandatory" was never mentioned at the resentencing hearing, nor were any other words to that effect. The mandatory nature of the sentence was clearly not part of the negotiated agreement. The state may have thought that it was, but it failed to ensure that "mandatory" was an explicit part of the deal and placed on the record.

{¶ 28} Pursuant to R.C. 2929.20(A)(1), judicial release is available only to "eligible offenders." An "eligible offender" is one who is serving one or more nonmandatory prison terms. *Id.* A "non[-]mandatory prison term" is defined as "a prison term that is not a mandatory prison term." R.C. 2929.20(A)(2). It is undisputed in this case that the offenses to which Collier pleaded guilty do not require mandatory prison terms by operation of law. Nonetheless, parties can agree to a mandatory prison term if there is a quid pro quo agreement. *State v. Sykes*, 8th

Dist. Cuyahoga No. 106390, 2018-Ohio-4774, ¶ 25. But that does not mean that "all agreed-upon sentences * * * equate to mandatory sentences that preclude eligibility for judicial release." *Id.* at ¶ 28. If, however, "the mandatory nature of the agreed-upon sentence is an express condition" of the agreement, "it becomes a binding contractual term that renders the offender ineligible for judicial release under R.C. 2929.20(A)." That simply did not occur here.

{¶ 29} Therefore, we sustain Collier's first assignment of error because the state breached its agreement with Collier when it argued that their agreement contained a mandatory sentence of three years in prison. We further find that the REEC judge erred when it determined that Collier was not eligible for judicial release simply because there was an agreed sentence.

{¶ 30} In Collier's second assignment of error, she contends that the "trial court's de facto modification of [her] sentence was contrary to law." We disagree. The trial court denied Collier's motion for judicial release and therefore did not modify her sentence at all. If we were to agree that the trial court modified Collier's sentence when it denied her judicial release, then we would be saying that Collier was entitled to judicial release, and we would be going against well-established principles. "Judicial release is a privilege, not an entitlement." *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 11. "'There is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.'" *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125, 630 N.E.2d 696 (1994), quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442

U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  Indeed, the judicial release statute confers considerable discretion upon a trial court in deciding whether to grant or deny an offender's motion for judicial release.  *State v. Pollard*, 8th Dist. Cuyahoga No. 97166, 2012-Ohio-1196, ¶ 18.  Thus, the trial court retains discretion to determine whether Collier should be released from prison before the end of her three-year sentence.  We therefore overrule Collier's second assignment of error.

{¶ 31} Judgment reversed and remanded.  Upon remand, the REEC court shall hold a new hearing on Collier's motion for judicial release.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN T. GALLAGHER, J., CONCUR