[Cite as *State v. White*, 2024-Ohio-2805.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 113255

    v.                                   :

JEROME WHITE,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 25, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644769-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alicia Paolucci, Assistant Prosecuting Attorney, *for appellee*.

Wegman Hessler Valore and Michael J. Gordillo, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Jerome White ("White"), appeals his convictions and sentence and claims the following errors:

> 1. The trial court erred in imposing an indefinite sentence pursuant to the unconstitutional Regan-Tokes law.

2. The trial court erred in denying appellant's motion to withdraw his "guilty" plea.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In October 2019, White was charged with three counts of felonious assault in violation of R.C. 2903.11(A)(1) (Counts 1-3); three counts of felonious assault in violation of R.C. 2903.11(A)(2) (Counts 4-6); one count of having weapons while under disability (Count 7); and one count of vandalism in violation of R.C. 2909.05(B)(1)(b) (Count 8). Counts 1-7 included one-year, three-year, and 54-month firearm specifications under R.C. 2941.145(D), repeat-violent-offender specifications under R.C. 2941.149(A), and notices of prior conviction under R.C. 2929.13(F)(6). The charges were filed after White allegedly fired multiple rounds through the closed door of the bar from which he had been asked to leave. Two officers with the Ohio Investigative Unit happened to be in the area and witnessed the shooting.

{¶ 4} Many months later, in September 2021, the State offered to amend the indictment to two counts of felonious assault in violation of R.C. 2903.11(A)(2), with a three-year and a 54-month firearm specification, one count of having weapons while under disability in violation of R.C. 2923.12(A)(2), and one count of vandalism in violation of R.C. 2909.05(B)(1). The court explained to White his rights and the terms of the plea offer, and it compared the potential penalties carried by the plea and the indictment, but White rejected the offer.

{¶ 5} Five months later, on February 1, 2022, the State offered a further reduction of charges. Under the new agreement, White would plead guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2), with three-year firearm specifications and one count of having weapons while under disability in violation of R.C. 2909.05(B)(1). The State's offer included an agreed sentencing range of 8 to 14 years. At the time the State made the offer, it informed White that the offer would expire on February 10, 2022. Once again, the court placed the terms of the plea offer on the record, explained to White his rights, and compared the potential penalties under the plea as opposed to the indictment. White again rejected the offer.

{¶ 6} On March 21, 2022, White requested a new plea offer, and the State obliged. In this third plea offer, the State agreed to dismiss all remaining charges if White agreed to plead guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2), with three-year firearm specifications, one count of having weapons while under disability in violation of R.C. 2923.12(A)(2), and one count of vandalism in violation of R.C. 2909.05(B)(1). The State's offer included an agreed recommended sentencing range of 10 to 20 years. The court again explained to White his rights, the terms of the plea offer, and compared the potential penalties under the plea versus the indictment. This time, White accepted the offer and pleaded guilty to the agreed-upon charges. Sentencing was scheduled for a later date.

{¶ 7} White failed to appear for the sentencing hearing, and the court noted on the record that he had cut off his GPS monitoring device and thrown it into Lake Erie. The court issued a capias warrant, and White was apprehended three and a half months later. At the second sentencing hearing, White fired his attorney, and the court assigned a new attorney from the public defender's office. The assignment of new counsel once again delayed sentencing.

{¶ 8} After his arrest but before the final sentencing hearing, White filed two motions to withdraw his guilty pleas. He also filed grievances against the public defenders who represented him. As a result, the court appointed the chief public defender of the Cuyahoga County Public Defender's Office to represent him. White informed the court that he wished to proceed on his motion to withdraw his guilty plea and, at a later date, the court denied the motion. Thereafter, White and the State entered into a sentencing agreement whereby the State agreed to a 12- to 13-year prison term in exchange for White's waiver of his right to appeal all aspects of the plea agreement. White acknowledged on the record that he was waiving his right to appeal the denial of his motion to withdraw his guilty plea in exchange for the 12- to 13-year agreed sentence. (Tr. 357-369.)

{¶ 9} In accordance with the parties' sentencing agreement, the court sentenced White to an aggregate prison term of 12- to 13 years. White now appeals his sentence and the denial of his motion to withdraw his guilty plea.

## II. Law and Analysis

### A. Reagan Tokes Sentence

{¶ 10} In the first assignment of error, White argues the trial court erred by imposing an indefinite sentence pursuant to the Reagan Tokes Law. He claims the Reagan Tokes Law is unconstitutional on its face because it violates due process.

{¶ 11} In *State v. Hacker*, 2023-Ohio-2535, the Ohio Supreme Court upheld the constitutionality of the Reagan Tokes Law and held, among other things, that it does not violate due process. White does not present any novel legal theories challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*. Therefore, the first assignment of error is overruled.

### B. Guilty Plea

{¶ 12} In the second assignment of error, White argues the trial court erred in denying his motion to withdraw his guilty pleas. He claims the trial court failed to conduct a full and impartial hearing necessary for fair consideration of his motion. He also asserts that because the motion to withdraw was filed prior to sentencing, it should have been freely granted.

{¶ 13} However, White waived his right to challenge the denial of his motion to withdraw his guilty pleas when he entered into the sentencing agreement. A sentencing agreement, like a plea agreement, is a valid contract between the State and the defendant and is, therefore, subject to contract-law principles. *State v.*

*Collier*, 2021-Ohio-3203, ¶ 23 (8th Dist.), citing *State v. Butts*, 112 Ohio App.3d 683, 686 (8th Dist. 1996); *State v. Sykes*, 2018-Ohio-4774, ¶ 23 (8th Dist.).

**{¶ 14}** To be enforceable, a contract must have an offer, acceptance, consideration, and a manifestation of mutual assent. *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16. In interpreting contracts, the court's role is "to give effect to the intent of the parties to the agreement." *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 11, citing *Hamilton Ins. Servs. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273 (1999).

**{¶ 15}** At the start of the sentencing hearing, the court recounted how it had overruled White's motion to withdraw his guilty pleas and that the parties had engaged in further negotiations pertaining to sentencing. (Tr.357.) In the sentencing negotiations, the State agreed to a prison term of 12 to 13 years in exchange for White's promise not to appeal the court's denial of his motion to withdraw his guilty plea. (Tr. 358.) When the court asked White if he understood the terms of the sentencing agreement, he initially replied in the negative. Therefore, the court explained the agreement to White as follows:

> THE COURT: So, Mr. White, it's like you get the benefit of the bargain. So what the State is saying is, okay, we will reduce the recommended sentence to 12 to 13 years, but you don't get the benefit of that unless you are actually accepting it. So to accept that, you can't then challenge the fact that I didn't allow you to withdraw your plea on appeal. That's part of the agreement. So if I impose the 12 to 13, you have the right to appeal for other issues, but not as it relates to your plea or the denial of your motion to withdraw. You would waive that right on appeal. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 358-359.)

{¶ 16} Thereafter, defense counsel clarified that the agreement provided for a 12-year minimum term under the Reagan Tokes Law. The court further explained that under the Reagan Tokes Law, an additional year could be added to White's prison term such that he would be subject to a 12- to 13-year prison term, but only if he agreed to waive his right to appeal the denial of his motion to withdraw his guilty pleas. (Tr. 361-365.) After further discussions and explanations, the following exchange took place:

> THE COURT: So would you like to accept the benefit of the bargain of the 12 to 13 years and waive your right to challenge the plea and the denial of the motion to withdraw on appeal?
>
> THE DEFENDANT: Yes, Your Honor.

(Tr. 369.)

{¶ 17} The record reflects that White understood the terms of the sentencing agreement and that he agreed to it knowingly, intelligently, and voluntarily. And, the terms of the parties' agreement are clear. White agreed to waive his right to appeal the denial of his motion to withdraw his guilty plea in exchange for a substantially reduced sentence of 12 to 13 years. He, therefore, waived his right to challenge his guilty pleas on appeal. Accordingly, the second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR